FILED
CLERKS OFFICE

2005 APR 26  A II: 23

US DISTRICT COURT
DISTRICT OF MASS.

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

----------------------------------------------------------------- x
           :

**IN RE MUTUAL FUNDS**
**INVESTMENT LITIGATION**         :     **MDL No. 1586**
           :

----------------------------------------------------------------- x

## DEFENDANTS' NOTICE OF TAG-ALONG ACTION

Pursuant to Rule 7.5(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation (the "Rules"), the undersigned counsel hereby notify the Clerk of the Panel of the following "tag-along action" as defined in Rule 1.1 pending in the District of Massachusetts: *Brian Reaves, et al. v. MFS Series Trust I, et al.*, Case No. 05-cv-10804 (MEL). A copy of the complaint is attached as Exhibit A.

Respectfully submitted,

John D. Donovan, Jr. (BBO# 130950)
Jane E. Willis (BBO# 568024)
ROPES & GRAY
One International Place
Boston, MA 02110-2624
Telephone:(617) 951-7000
Fax:(617) 951-7050

*Counsel to MFS Series Trust I, MFS Series*
*Trust II, MFS Series Trust IV, MFS Series*
*Trust V, MFS Series Trust IX, MFS Series*
*Trust X, MFS Government Securities Fund,*
*Massachusetts Investors Trust, and*
*Massachusetts Investors Growth Fund.*

Dated: April 25, 2005

# EXHIBIT A

APR 1 4 2005

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

------------------------------------------------------------X

BRIAN REAVES, on behalf of himself and all
others similarly situated

                        Plaintiff,

    v.

MFS SERIES TRUST I, MFS SERIES TRUST II, MFS
SERIES TRUST IV, MFS SERIES TRUST V, MFS
SERIES TRUST IX, MFS SERIES TRUST X, MFS
GOVERNMENT SECURITIES FUND,
MASSACHUSETTS INVESTORS TRUST, and
MASSACHUSETTS INVESTORS GROWTH FUND,

                       Defendants.

------------------------------------------------------------X

Case No.  05-1094-H

**CLASS ACTION
COMPLAINT**

**JURY TRIAL DEMANDED**

**RECEIVED**

MAR 21 2005

SUPERIOR COURT - CIVIL
MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE

Plaintiff, by his undersigned attorneys, on personal knowledge as to himself and his

acts and on information and belief as to all other matters, based upon an investigation by Plaintiff's

counsel, alleges as follows:

<strong>INTRODUCTION</strong>

1.  This is a class action brought on behalf plaintiff and all other holders of Class B

shares of MFS mutual funds as of December 8, 2003 which are still subject to a Contingent Deferred

Sales Charge ("CDSC") being assessed in the event they redeem such shares prior to the expiration

of 6 years from purchase or have been assessed a CDSC for redeeming such shares on or after

December 8, 2003. When a Class B shareholder withdraws money from a particular MFS Fund by

redeeming shares of that fund, a percentage of the proceeds is charged by MFS before the balance

is delivered to the shareholder. MFS calls this penalty a CDSC. Typically, the CDSC charge is 4%

00004380.WPD ; 2

for withdrawals in the first year after purchase, 4% in the second, 3% in the third and fourth, 2% in the fifth, and 1% in the sixth.

2. This claim is based upon the fact that MFS through certain of its employees (and agents) engaged in misconduct constituting a breach of contract with holders of Class B shares in a MFS Fund. Those holders of Class B shares who wish to cease doing business with the Fund may only do so by paying a penalty. In fact, such holders should be given the opportunity to withdraw money from MFS Funds without a penalty because an implied term of the agreement pursuant to which the investments were made was that MFS would conduct itself with a high degree of integrity and the fact that MFS did not so conduct itself amounts to a breach of contract, so that Class B shareholders should have the opportunity to withdraw their funds without penalty. Defendants' misconduct is also a breach of their obligation to act fairly and in good faith with respect to their contract, as well as a breach of their fiduciary duties of care, loyalty, and good faith.

3. The following facts and circumstances alleged below constitute a breach of the agreement, and the covenants of good faith and fair dealing, between defendants and class members in that defendants' actions give rise to serious doubts concerning the integrity of defendants. In particular, (a) the payment of $225 million in disgorgement and penalties; (b) the specificity of the wrongdoing alleged by the governmental agencies; (c) the substantial redemptions by shareholders following the charges being made public; (d) the adverse reporting in the media; (e) the plethora of actions, including class actions, commenced against defendants; (f) the increased outflow of shareholder funds from the defendants, and the decreased inflow of funds to defendants, giving rise to possible adverse consequences for class members, i.e. among other things, increased administrative costs and forced sales of stock to raise money for redemptions.

4. Class members should not be forced to perform under an agreement which has been breached by defendants. In particular, class members should be free to decide whether, under the circumstances, they wish to remain shareholders without the disincentive of a penalty if they decide to redeem their shares and shareholders who were penalized for redeeming their shares after the above charges were made public should be refunded the amount of the penalty.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the Defendants MFS as they have their headquarters and do substantial business in the Commonwealth of Massachusetts.

6. Venue is proper as Defendants MFS have their principal place of business in Boston, Suffolk County, Massachusetts. The Defendants have, at all times material to this complaint, conducted business in this Commonwealth related to the events giving rise to the claims asserted in this complaint and are registered to do business in the Commonwealth of Massachusetts. Many of the witnesses and a substantial number of the documents and sources of proof are located in Massachusetts.

## PARTIES

7. Plaintiff Brian Reaves was a holder of 109 shares of MFS Value Fund B shares issued by MFS as of December 8, 2003.

8. Defendants MFS Series Trust I, MFS Series Trust II, MFS Series Trust IV, MFS Series Trust V, MFS Series Trust IX, MFS Series Trust X, MFS Government Securities Fund, Massachusetts Investors Trust, and Massachusetts Investors Growth Fund (collectively, "MFS") are open-end registered investment companies organized under the laws of the Commonwealth of Massachusetts as business trusts. MFS maintains its principal executive offices at 500 Boylston Street, Boston, Suffolk County, MA 02116. MFS is the registrant under the Securities

00004380.WPD ; 2                      3

Act of 1933 and Investment Company Act of 1940. MFS has approximately 140 mutual funds which have as many as several classes of shares (A, B, C, R1, R2, 529A, 529B and 529C) for each fund. MFS funds were the subject of improper market timing.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

9. Plaintiff brings this action as a class action pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure on behalf of himself and other members of the Class, consisting of all holders of Class B Shares of MFS mutual funds as of December 8, 2003 which are still subject to a CDSC being assessed in the event they redeem such shares prior to the expiration of 6 years from purchase or have been assessed a CDSC for redeeming such shares on or after December 8, 2003.

10. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to plaintiff, and can only be ascertained through appropriate discovery, plaintiff believes that there are thousands of members of the Class. Record owners and members of the Class may be identified from records maintained by MFS and may be notified of the pendency of this action by mail, using the form of notice typically used in class actions.

11. Plaintiff's claims are typical of the claims of the putative Class members. Specifically, Plaintiff claims that Defendants' conduct injured Plaintiff and Class members alike by assessing CDSC fees to all Class members who redeem their shares on or after December 8, 2003.

12. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members of the Class. The common questions of law and fact include:

00004380.WPD ; 2                          4

(a) Whether defendants have breached their fiduciary duty to Plaintiff and the Class;

(b) Whether defendants have breached their duties of good faith and fair dealing; and

(c) Whether defendants' conduct constitutes a breach of contract.

13. Plaintiff can and will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in class action litigation to vigorously prosecute this action on behalf of the putative class members.

14. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for Class members to seek redress individual for the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## FACTS

### BACKGROUND

15. A Mutual Fund is a fund that is managed by an investment company that manages the money of its shareholders.

16. Mutual funds are priced once a day, at 4:00 p.m. EST. The price, known as the Net Asset Value ("NAV"), generally reflects the closing prices of the securities that comprise a given fund's portfolio, plus the value of any cash that the fund manager maintains for the fund, divided by the number of outstanding shares.

17. Market timing is an investment strategy that involves the short-term trading of securities to take advantage of market fluctuations. Market timing is often employed where one can predict with reasonable certainty the effect on a particular security. Market timing works to the detriment of long-term shareholders in a number of ways: (a) market timing dilutes the value of the fund by allowing the timer to siphon short term profits from what is otherwise a long-term investment vehicle; (b) market timing may add to the transactional costs of the fund because of more frequent purchases and sales; (c) the fund may realize taxable capital gains at an undesirable time; and (d) market timing may result in managers having to sell stock into a falling market. Where money is not invested in the fund, but is kept in cash, then the fund's shareholders are deprived of the advantages of being fully invested in an appreciating stock market.

## THE CLASS B SHARES

18. The MFS Funds claims that the interests of fund shareholders their highest priority. They had a reputation for good faith and fair dealing, and for strict adherence to their duties as a fiduciary: loyalty, candor, and due care which eschews any sort of unfair business practices.

19. MFS contracted, agreed, represented and warranted that it would continue to conduct its business at the same level of integrity while purchasers of B shares held those shares.

20. MFS violated its agreement by engaging in various forms of misconduct, including market timing, which indicated, among other things, that the interests of the fund shareholders was not the highest priority, that they did not act in good faith, that they engaged in unfair business practices, and that their integrity was seriously compromised. Under these circumstances, holders of B shares should be allowed to redeem their shares without penalty.

00004380.WPD ; 2                                6

21. MFS has been subject to a series of investigations by federal and state regulators.

**Governmental Action**

22. On December 8, 2003, MFS disclosed that it had been notified by the SEC that its staff had recommended action be taken against MFS and certain of its officers arising from its market timing activities.

23. On February 5, 2004, MFS settled charges with the SEC, the New York Attorney General's Office, and the New Hampshire Bureau of Securities Regulation. In connection therewith, the SEC filed an Order Instituting Administrative and Cease-and-Desist Proceedings, Making Findings, and Imposing Remedial Sanctions and a Cease-and-Desist Order settling the matter. Pursuant to the Order, the SEC made a litany of findings constituting misconduct, $175 million was to be paid in disgorgement and $50 million was to be paid in civil penalties, and a number of remedial initiatives would be instituted.

24. In sum, a total of $225 million was paid in disgorgement and penalties as a result of the wrongful conduct complained of herein. Further a number of costly remedial initiatives were instituted to prevent such future conduct.

25. Notwithstanding the foregoing, Class Members who wish to sell their shares and so cease doing business with MFS have been and will be required to pay a significant CDSC charge.

26. MFS's breach of contract – its failure to maintain, in the words of Benjamin Cardozo, "the punctilio of an honor most sensitive" – allows Plaintiff and the other members of the Class to decide whether they wish to continue to invest in a tainted company and, if he wishes, to sell his shares without penalty. Plaintiff and the other members of the Class should

not be required to keep their money at risk with an allegedly unethical or dishonest company which has breached its contract with Plaintiff and the other members of the Class.

## COUNT I
### (Breach of Contract)

27. Plaintiff realleges and incorporates by reference each and every allegation of this complaint as if fully restated herein.

28. Defendants agreed to perform investment advisor and management services to Plaintiff and the other members of the Class.

29. Defendants had an implied contractual duty to perform the investment advisor and management services in good faith.

30. Defendants breached its contract with Plaintiff and all Class members and the covenant of good faith and fair dealing in the performance of those contracts, by:

(a) engaging in various forms of misconduct, including market timing;

(b) by failing to act in the best interests of the Class B shareholders; and

(c) by engaging in unfair and deceptive trade practices in the performance of their contractual duties.

31. Defendants' breaches of contract and the implied covenant of good faith and fair dealing were so material as to justify Plaintiff and all class members to terminate the contracts, and render it inequitable for Defendants to collect the Contingent Deferred Sales Charge from Plaintiff and all Class members who elect to withdraw their funds.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff on behalf of himself and the Class prays for judgment as follows:

(i)   Certifying that this action may be maintained as a class action pursuant to the provisions of Rule 23 of the Massachusetts Rules of Civil Procedure on behalf of all holders of MFS Class B shareholders during the Class Period;

(ii)   Designating Plaintiff and Plaintiff's counsel as class representative and class counsel, respectively;

(iii)   Entering Judgment against Defendants and in favor of Plaintiff and the Class on all claims:

(iv)   Requiring Defendants to pay Plaintiff's and each Class member their actual damages;

(iv)   Granting Plaintiff and the other members of the Class equitable relief from the Contingent Deferred Sales Charge;

(v)   Requiring Defendants to pay Plaintiff's reasonable attorney's fees and costs of suit; and

(vi)   Such other and further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all such issues that are triable before a jury.

Dated: March 21, 2005

Respectfully submitted

David Pastor (BBO#391000)
John C. Martland (BBO#322980)
GILMAN AND PASTOR, LLP
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA 01906
Telephone: (781) 231-7850
Facsimile: (781) 231-7840

RABIN & PECKEL LLP
275 Madison Avenue
Suite 420
New York, NY 10016
(212) 880-3722

GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars
Suite 311
Los Angeles, CA 90067
(310) 201-9150

**ATTORNEYS FOR PLAINTIFF**

00004380.WPD ; 2

10

**BEFORE THE JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

------------------------------------------------------------------- x
                :

**IN RE MUTUAL FUNDS**          :
**INVESTMENT LITIGATION**    :     **MDL No. 1586**
                :

------------------------------------------------------------------- x

## PROOF OF SERVICE

The undersigned, an attorney, hereby certifies that on April 25, 2005, she caused

true and correct copies of the foregoing Notice of Tag-Along Action to be served by mail

upon the persons listed on the current Attorney Service List for MDL 1586, which is

attached hereto, and to all counsel of record on the *Brian Reaves, et al. v. MFS Series*

*Trust I, et al.* Service List, which is also attached hereto.

Respectfully submitted,

Jane E. Willis

Dated: April 25, 2005

**Attorney Service List for**
***Brian Reaves, et al. v. MFS Series Trust I, et al.***

David Pastor
John C. Martland
Gilman and Pastor LLP
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA 01906

Rabin & Peckel LLP
275 Madison Avenue
Suite 420
New York, NY 10016

Glancy Binkow & Goldberg LLP
1801 Avenue of the Stars
Suite 311
Los Angeles, CA 90067

## Attorney Service List for MDL 1586

ACM Technology Hedge Fund
1345 Avenue of the Americas
New York, NY 10105

Elkan Abramowitz
Morvillo, Abramowitz, Grand, Iason &
Silberberg
565 Fifth Avenue
New York, NY 10017

Guri Ademi
Ademi & O'Reilly
3620 E. Layton Avenue
Cudahy, WI 53110

Thomas L. Allen
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219

Martin J.E. Arms
Watchetell, Lipton, Rosen & Katz
51 W. 52nd Street
New York, NY 10019-6150

Andrew L. Barroway
Schiffrin & Barroway, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004

Brian Barry
Law Offices of Brian Barry
1801 Avenue of the Stars, Suite 307
Los Angeles, CA 90067

James V. Bashian
Law Offices of James V. Bashian, P.C.
Fairfield Commons
271 Route 46 West, Suite F-207
Fairfield, NJ 07004

Norman Berman
Berman De Valcrio Pease Tabacco, et al.
One Liberty Square
Boston, MA 02109

Steve W. Berman
Hagens Berman, LLP
1301 Fifth Avenue, Suite 2929
Seattle, WA 98101

Joel H. Bernstein
Goodkind, Labaton, Rudoff & Sucharow, LLP
100 Park Avenue, 12th Floor
New York, NY 10017

Barbara Blumenthal
Hoffman, Reilly, Pozner & Williamson, LLP
511 16th Street, #700
Denver, CO 80202

Nelson Boxer
Dechert LLP
30 Rockefeller Plaza
New York, NY 10112

P. John Brady
Shughart, Thomson & Kilroy
120 West 12th Street, Suite 1800
Kansas City, MO 64105

## Attorney Service List for MDL 1586

Aaron L. Brody
Stull, Stull & Brody
6 East 45th Street, Suite 500
New York, NY 10117

Jules Brody
Stull, Stull & Brody
6 East 45th Street, Suite 500
New York, NY 10117

Richard B. Brualdi
The Brualdi Law Firm
29 Broadway, Suite 1515
New York, NY 10006

Bruce W. Calvert
Alliance Capital Management, LP
1345 Avenue of the Americas
New York, NY 10105

Peter M. Casey
Foley Hoag
155 Seaport Blvd.
Boston, MA 02210-2600

Nicholas E. Chimicles
Chimicles & Tikellis
One Haverford Centre
361 W. Lancaster Avenue
Haverford, PA 19041

Bruce E. Clark
Sullivan & Cromwell
125 Broad Street, 28th Floor
New York, NY 10004

Richard W. Cohen
Lowey, Dannenberg, Bemporad & Selinger, PC
The Gateway Building, 11th Floor
One North Lexington Avenue
White Plains, NY 10601

Stephen M. Colangelo
Morrison & Foerster, LLP
1650 Tysons Blvd., Suite 300
McLean, VA 22102

Gregory Craig
Williams & Connolly
725 12th Street, N.W.
Washington, DC 20005

John E. DeWulf
Roshka, Heyman & DeWulf PLC
One Arizona Center
400 East Van Buren Street, Suite 800
Phoenix, AZ 85004-3906

Peter Devereaux
Latham & Watkins
633 West Fifth Street, Suite 400
Los Angeles, CA 90071

David C. Dinielli
Munger, Tolles & Olson
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071

Dean J. Dipilato
Testa, Hurwitz & Thibeault, LLP
High Street Tower
125 High Street
Boston, MA 02110

# Attorney Service List for MDL 1586

John D. Donovan, Jr.
Ropes & Gray, LLP
One International Place
Boston, MA  02110-2624

Robert J. Dyer, III
Dyer & Shuman, LLP
801 East 17th Avenue
Denver, CO  80218

Robert N. Eccles
O'Mulveny & Myers, LLP
1625 Eye Street, NW
Washington, DC  20006

Paul Fishman
Friedman Kaplan Seiler & Adelman, LLP
1633 Broadway, 46th Floor
New York, NY  10019-6708

Frederic S. Fox
Kaplan Fox & Kilsheimer, LLP
805 Third Avenue, 22nd Floor
New York, NY  10022

Andrew S. Friedman
Bonnett, Fairbourn, Friedman & Balint, PC
2901 North Central Avenue, Suite 100
Phoenix, AZ  85012-3311

Jack G. Fruchter
Fruchter & Twersky
One Pennsylvania Plaza, Suite 1910
New York, NY  10119

Frederick P. Furth
The Furth Firm, LLP
225 Bush Street, 15th Floor
San Francisco, CA  94104-2303

Mark C. Gardy
Abbey, Gardy, LLP
212 East 39th Street
New York, NY  10016

George M. Garvey
Munger, Tolles & Olson
355 South Grand Avenue, Suite 3500
Los Angeles, CA  90071

Michael T. Gass
Palmer & Dodge, LLP
111 Huntington Avenue
@ Prudential Center
Boston, MA  02199-7613

John A.D. Gilmore
Piper Rudnick, LLP
One International Place, 21st Floor
Boston, MA  02110-2600

Deborah R. Gross
Law Offices of Bernard M. Gross, PC
1515 Locust Street, 2nd Floor
Philadelphia, PA  19102

Stanley M. Grossman
Pomerantz, Haudek, Block, Grossman & Gross
100 Park Avenue, 26th Floor
New York, NY  10017

# Attorney Service List for MDL 1586

Christopher P. Hall
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, NY 10178

John L. Hardiman
Sullivan & Cromwell
125 Broad Street
New York, NY 10004

Dale R. Harris
Davis, Graham & Stubbs
1550 17th Street, Suite 500
Denver, CO 80202

Robert I. Harwood
Wachsler, Harwood, LLP
488 Madison Avenue. 8th Floor
New York, NY 10022

Abigail K. Hemani
Goodwin Procter LLP
Exchange Place
53 State Street
Boston, MA 02109

Robert J. Higgins
Dickstein, Shapiro, Morin & Oshinsky, LLP
2101 L Street, NW
Washington, DC 20037

Jerome S. Hirsch
Skadden, Arps, Slate, Meagher & Flom
4 Times Square
New York, NY 10036-6522

C. Clark Hodgson, Jr.
Stradley, Ronon, Stevens & Young
2600 One Commerce Square
Philadelphia, PA 19103-7098

Corey D. Holzer
Holzer, Holzer & Cannon, LLC
1117 Perimeter Center West, Suite E107
Atlanta, GA 30338

Fred T. Isquith
Wolf Haldenstein Alder Freeman & Herz
270 Madison Avenue
New York, NY 10016

David A. Jones
Akin, Gump, Strauss, Hauer & Feld
300 Convent Street
Suite 1500
San Antonio, TX 78205

Robert J. Jossen
Swidler, Berlin, Shereff & Friedman, LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174

# Attorney Service List for MDL 1586

Philip S. Khinda
Ropes & Gray, LLP
One Metro Center
700 12th Street, NW, Suite 900
Washington, DC  20005-3948

Mark A. Kirsch
Clifford Chance US, LLP
200 Park Avenue
New York, NY  10166

Joseph L. Kociubes
Bingham McCutchen, LLP
150 Federal Street
Boston, MA  02110

Daniel J. Kramer
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY  10019-6064

Daniel W. Krasner
Wolf, Haldenstein, Adler,  Freeman & Herz, LLP
270 Madison Avenue, 10th Floor
New York, NY  10016

Joseph L. Lasala
Mecelroy, Deutsch & Mulaney
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, NJ  07962

Joshua M. Lifshitz
Bull & Lifshitz, LLP
18 E. 41st Street
New York, NY  10017

Gregory B. Linkh
Rabin, Murray & Frank, LLP
275 Madison Avenue
New York, NY  10016

Howard T. Longman
Stull, Stull & Brody
6 East 45th Street, Suite 500
New York, NY  10017

Christopher Lovell
Lovell, Stewart & Halebian
500 Fifth Avenue, Suite 5800
New York, NY  10110

Timothy J. MacFall
Bernstein Liebhard & Lifshitz, LLP
10 East 40th Street, 22nd Floor
New York, NY  10016

Donald G. McCallion, Jr.
Attorney At Law
222 Bloomingdale Road, Suite 302
White Plains, NY  10605-1511

Thomas J. McKenna
Gainey & McKenna
485 Fifth Avenue, 3rd Floor
New York, NY  10017

Stephen A. Mendelsohn
Greenberg Traurig, LLP
5100 Town Center Circle, Suite 400
Boca Raton, FL  33486

# Attorney Service List for MDL 1586

Thomas J. Moloney
Cleary, Gottlieb, Steen & Hamilton
One Liberty Plaza
New York, NY 10006

John G. Moon
Chadbourne & Parke, LLP
30 Rockefeller Center
New York, NY 10112

David Morris
Fried, Frank, Harris, Shriver & Jacobson, LLP
One New York Plaza
New York, NY 10112

Robert J. Nelson
Lieff, Cabraser, Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Klari Neuwelt
Law Office of Klari Neuwelt
110 East 59th Street, 29th Floor
New York, NY 10022

Gary B. O'Connor
Drubner, Hartley & O'Connor, LLC
500 Chase Parkway, 4th Floor
Waterbury, CT 06708

Maeve O'Connor
Debevoise & Plimpton
919 Third Avenue
New York, NY 10022

Kurt B. Olsen
Klafter & Olsen, LLP
2121 K Street, Suite 800
Washington, DC 20037

U. Seth Ottensoser
Bernstein Liebhard & Lifshitz, LLP
10 East 40th Street
New York, NY 10016

Jacob B. Perkinson
Johnson & Perkinson
1690 Williston Road
P.O. Box 2305
S. Burlington, VT 05403

Mark A. Perry
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Avenue, NW
Washington, DC 20036

Mark A. Peterson
McNally, Maloney & Peterson, SC
2600 North Mayfair Road, Suite 1080
Milwaukee, WI 53226

Daniel A. Pollack
Pollack & Kaminsky
114 West 47th Street, Suite 1900
New York, NY 10036

Ira M. Press
Kirby, McInerney & Squire LLP
830 Third Avenue, 10th Floor
New York, NY 10022

# Attorney Service List for MDL 1586

Mark A. Rabinowitz
Neal, Gerberg & Eisenberg LLP
2 N. LaSalle Street, Suite 2300
Chicago, IL  60602

Kenneth E. Rechtoris
Bell, Boyd & Lloyd
70 West Madison Street, Suite 3100
Chicago, IL  60602-4207

Mark C. Rifkin
Wolf, Haldenstein, Adler, Freeman & Herz, LLP
270 Madison Avenue, 10th Floor
New York, NY  10016

Peter Romatowski
Jones Day
51 Louisiana Avenue, NW
Washington, DC  20001-2113

Michele E. Rose
Latham & Watkins, LLP
Two Freedom Square
11955 Freedom Drive, Suite 500
Reston, VA  20190-5651

David A. Rosenfeld
Cauley Geller Browman, Coates & Rudman, LLP
200 Broadhollow Road, Suite 406
Melville, NY  11747

Marian P. Rosner
Wolf, Popper, Ross, Wolf & Jones, LLP
845 Third Avenue
New York, NY  10022-6689

John W. Rotunno
Bell, Boyd & Lloyd
Three First National Plaza, Suite 3000
70 West Madison Street
Chicago, IL  60602

Samuel H. Rudman
Cauley Geller Bowman Coates & Rudman LLP
200 Broadhollow Road, Suite 406
Melville, NY  11747

Christopher B. Sanchez
Miller, Faucher, and Cafferty, LLP
30 North LaSalle Street, Suite 3200
Chicago, IL  60602

Sherrie R. Savett
Berger & Montague, PC
1622 Locust Street
Philadelphia, PA  19103

Steven G. Schulman
Lerach, Coughlin, Stoia & Robbins, LLP
One Pennsylvania Plaza, 48th Floor
New York, NY  10119-0165

Seth M. Schwartz
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, NY  10036-6522

Kaveh S. Shahi
Cleary Shahi Associates, PC
110 Merchants Row
P.O. Box 6740
Rutland, VT  05702-6740

## Attorney Service List for MDL 1586

Joanna Shally
Sherman & Sterlin, LLP
599 Lexington Avenue
New York, NY 10022

Jonathan A. Shapiro
Hale & Dorr
60 State Street
Boston, MA 02109

Thoedore C. Sihpol, III
76 Seminary Street
New Canaan, CT 06840-4501

Bruce L. Simon,
Cotchett, Pitre, Simon & McCarthy
San Francisco Airport Office Center, Suite 200
840 Malcolm Road
Burlingame, CA 94010

George J. Skelly
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110

Thomas M. Sobol
Hagens Berman, LLP
225 Franklin Street, 26th Floor
Boston, MA 02110

Daniel S. Sommers
Cohen, Milstein, Hausfeld & Toll, PLLC
1100 New York Avenue, NW
West Tower, Suite 500
Washington, DC 10005-3964

Lee Squitieri
Squitieri & Fearon, LLP
420 Fifth Avenue, 18th Floor
New York, NY 10018

John P. Sylvia
Mintz, Levin, Cohn, Ferris, Glovsk & Popeo, PC
One Financial Center
Boston, MA 02111

Curtis V. Trinko
Law Offices of Curtis V. Trinko
16 West 46th Street, 7th Floor
New York, NY 10036

Chet B. Waldman
Wolf, Popper, Ross, Wolf & Jones, LLP
845 Third Avenue, 12th Floor
New York, NY 10022

G. Stewart Webb, Jr.
Venable, LLP
Two Hopkins Plaza, Suite 1800
Baltimore, MD 21201-2978

Joseph H. Weiss
Weiss & Yourman
551 Fifth Avenue, Suite 1600
New York, NY 10176

Melvyn I. Weiss
Lerach, Coughlin, Stoia & Robbins
One Pennsylvania Plaza, 49th Floor
New York, NY 10119-0165

# Attorney Service List for MDL 1586

Debra J. Wyman
Lerach, Coughlin, Stoia & Robbins, LLP
401 B. Street, Suite 1700
San Diego, CA 92101

Alfred G. Yates, Jr.
Law Office of Alfred G. Yates, Jr.
429 Forbes Avenue
519 Allegheny Building
Pittsburgh, PA 15219

Kevin J. Yourman
Weiss & Yourman
10940 Wilshire Blvd., 24th Floor
Los Angeles, CA 90024

Jean-Marc Zimmerman
Zimmerman & Levi, LLP
226 St. Paul Street
Westfield, NJ 07090