UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------X
BRIAN REAVES,                                    :   Civil Action No. 05cv10804-MEL
                                                 :
               Plaintiff,       :
                                                 :
   - against -                                   :
                                                 :
MFS SERIES TRUST I, MFS SERIES TRUST II,         :
MFS SERIES TRUST IV, MFS SERIES TRUST            :
V, MFS SERIES TRUST IX, MFS SERIES               :
TRUST X, MFS GOVERNMENT SECURITIES               :
FUND, MASSACHUSETTS INVESTORS                    :
TRUST, and MASSACHUSETTS INVESTORS               :
GROWTH FUND,                                     :
                                                 :
               Defendants.      :
---------------------------------------------------------------X

**MEMORANDUM OF LAW
IN SUPPORT OF
PLAINTIFF'S MOTION TO REMAND**

## PRELIMINARY STATEMENT

Plaintiff filed a class action complaint in Massachusetts state court that alleges a single cause of action for breach of contract on behalf of certain *holders* of mutual fund shares. Defendants improperly removed plaintiff's action to this Court on the purported grounds that the action involves a federal question and is therefore subject to removal under the Securities Litigation Uniform Standards Act of 1998, 15 U.S.C. §§ 77p(b) and 78bb(f) ("SLUSA"), and preempted by federal law. Defendants are wrong. The breach of contract cause of action on behalf of holders of shares is a state cause of action.

The same grounds claimed for removal here were asserted by defendants' counsel in this case, in *Meyer v. Putnam International Voyager Fund*, 220 F.R.D. 127 (D. Mass. 2004). In that case Chief Judge Young remanded the case back to state court. The same should be done here.

This case should similarly be remanded.[1]

## FACTS

### PROCEDURAL BACKGROUND

On March 21, 2005, plaintiff Brian Reeves filed his complaint in Suffolk County Superior Court against Defendants. In addition, plaintiff sent a demand letter pursuant to M.G.L., c. 93A of the Massachusetts Consumer Protection Act, which claim plaintiff intends to amend his complaint to include upon remand.

On April 22, 2005, defendants removed plaintiff's complaint to this Court "[p]ursuant to 28 U.S.C. §§ 1441(b) and 1446 and 15 U.S.C. §§ 77p(c) and/or 78bb(f)(2)."

---

[1] Plaintiff also seeks an award of their actual attorneys' fees and costs of bringing this motion. *See* 28 U.S.C. § 1447(c).

00005002.WPD ; 1

Defendants' grounds for removal are nothing more than repetitions of the grounds which this District has previously rejected in *Meyer*, 220 F.R.D. 127 (D. Mass. 2004).

On April 25, 2005, defendants filed a notice of a potential tag-along action with the Judicial Panel on Multi-District Litigation ("MDL") asserting that this action was "related" to other cases that had already transferred to the District of Maryland. In response, the MDL issued a Conditional Transfer Order for the transfer of this action to the District of Maryland, which was automatically stayed 15 days to allow Plaintiff to file a notice of opposition to the Conditional Transfer Order. Plaintiff has filed a Notice of Opposition further staying the order until plaintiff files his motion to vacate. Plaintiff will be filing his motion to vacate on June 7, which will further stay the order until the motion is fully briefed and the MDL renders its decision. Plaintiff's motion will request that the MDL vacate, or, in the alternative, stay the order pending determination of plaintiff's motion to remand by this Court.

**THE COMPLAINT**

The Complaint was filed as a class action on behalf of "holders" of class B shares of MFS mutual funds as of December 8, 2003. (¶¶ 1, 9.[2]) Substantively, the Complaint alleges that defendants allowed short-term class A fund-holders to engage in market-timing, a short-term trading strategy used by some fund holders to take advantage of stale Net Asset Values of mutual funds to the detriment of its long-term holders. (¶¶ 16-17.) Defendants, in turn, have been sanctioned by federal and state regulators for allowing market-timing. (¶¶ 20-24.) These sanctions have exposed the fact that defendants have not operated their funds with the "high degree of integrity" that is an implicit and implied term of their contract with holders of their mutual funds.

---

[2] Paragraph references are to the Class Action Complaint (the "Complaint").

(¶ 3.) But while Class A holders are free to take their business elsewhere, Class B holders are not. Instead, should they wish to leave, they are subject to a penalty, a Contingent Deferred Sales Charge ("CDSC"), if their shares are redeemed in the first several years of ownership. (¶ 1.)

Importantly, there is no allegation that defendants made any misrepresentations about their funds nor that plaintiff or other class members were deceived by anything defendants said. Instead, the Complaint alleges that defendants' allowance of market-timing constituted a breach of their contract with holders of class B shares of MFS funds. (¶¶ 27-31.) As a result of this breach, Class B shareholders should not be subject to assessment of a CDSC in the event they no longer want to do business with defendants. (¶¶ 4, 20, 25-26.) The Complaint does not allege fraud in connection with the purchase or sale of securities.

## APPLICABLE LEGAL STANDARDS

A civil action is removable only if the plaintiff could have originally brought the action in federal court. *See* 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Generally, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim. *Beneficial National Bank v. Anderson*, 539 U.S. 1, 6 (2003). It is axiomatic that the removal statute is to be strictly construed and that any doubts about the propriety of removal are to be resolved against the removal of an action. *See, e.g., Danca v. Private Health Care Systems, Inc.*, 185 F.3d 1, 4 (1st Cir. 1999); *BIW Deceived v. Local S6*, 132 F.3d 824, 831 (1st Cir. 1997). Furthermore, a party seeking to remove a case to federal court has the burden of demonstrating the existence of federal jurisdiction. *BIW Deceived*, 132 F. 3d at 831.

To determine whether a particular case arises under federal law, courts are guided by the "well-pleaded complaint" rule, which provides that the plaintiff's properly-pleaded

complaint governs the determination of jurisdiction. *Caterpillar Inc. v. Williams*, 282 U.S. 386, 392 (1987). Plaintiffs are the "master[s] of the[ir] claim" and "may avoid federal jurisdiction by exclusive reliance on state law." *Id.* "Jurisdiction may not be sustained on a theory that the plaintiff has not advanced." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986). "Since 1887 it has been well settled law that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Board of State of Cal. v. Constr. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 14 (1983). In summary, there appears to be a strong presumption against removal, which a defendant has the heavy burden of overcoming.

## ARGUMENT

**I.  THIS DISTRICT'S DECISION IN *MEYER* MANDATES REMAND**

This District in *Meyer* remanded a similar case back to state court whence it had been removed. 220 F.R.D. at 130. In *Meyer*, the plaintiff filed a case in state court on behalf of a class of holders of shares of certain Putnam mutual funds alleging that the defendants' market-timing activities constituted a breach of fiduciary duty. *Id.* at 128. Here, plaintiff filed a case in state court on behalf of a class of holders of class B shares of MFS mutual funds alleging that defendants' market-timing activities constitute a breach of contract. In *Meyer*, the defendants removed the action under SLUSA and the general removal statute. *Id.* Defendants have done the same here.[3] In *Meyer*, Chief Judge Young held that removal had been improper and remanded the action back to state court. *Id.* at 129-30. In remanding the case, he found that "the terms of

---

[3] Indeed, counsel for defendants here was also counsel in *Meyer*.

00005002.WPD ; 1                              4

SLUSA's preemption provision, even if broadly read . . . do not extend to [the plaintiff's] claims" and found "the federal claims cited by the defendants insufficiently substantial to support an exercise of federal jurisdiction." *Id.* Removal of plaintiff's action was also improper and should likewise be remanded.

## II. REMOVAL UNDER SLUSA WAS IMPROPER

SLUSA provides for the removal of actions to Federal court in the following limited circumstances:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging --
>
> (1) an untrue statement[4] or omission of a material fact in connection with the purchase or sale of a covered security; or
>
> (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. §§ 77p(b) and 78bb(f)(1) (footnote added).

Defendants do not meet the requirements for removal under SLUSA.[5] Plaintiff's claim does not arise "in connection with the purchase or sale" of B shares of MFS mutual funds. Here, plaintiff limits the proposed class to "holders" of Class B shares as of December 8, 2003. In *Meyer*, the Court found that "Defendants have not shown that [the plaintiff's] claim arises 'in

---

[4] This subparagraph of the Exchange Act version, 15 U.S.C. § 78bb(f)(1), begins with "a misrepresentation" in place of the Securities Act's "an untrue statement," 15 U.S.C. § 77p(b).

[5] Aware that the removal provisions of SLUSA are inapplicable to the Complaint as pled, defendants' Notice of Removal distorts the allegations of the Complaint. (Notice of Removal, ¶¶ 4-13.) There is no reading of the Complaint, however, that supports defendants' conclusions. *See Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. at 809 n.6 ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced.").

connection with the purchase or sale' of the Funds" where the plaintiff "limits the proposed class definition to 'holders of the [Funds].'" *Meyer*, 220 F.R.D. at 128, 129. The Complaint alleges a cause of action under state common law for breach of contract on behalf of a proposed class of "holders" of class B shares. "Accordingly, the term's of SLUSA's preemption provision, even if broadly read . . . do not extend to [the plaintiff's] claims." *Id.* at 129.

Defendants contend that since the CDSC does not become applicable until a class member purchases a Class B share and does not become payable until that class member sells that share, the "in the connection with the purchase or sale" criterion is met. (Notice of Removal, ¶ 9.) Under defendants' contention, arguably everything related to a security would be "in connection with the purchase or sale" and therefore every "holder" claim would be subject to SLUSA. For example, in *Meyer*, the defendants' fiduciary duty to a class member does not begin until that class member purchases the mutual fund and ends when that class member sells it, and any resulting damage appears only upon the latter event. According to defendants, this would therefore be "in connection with the purchase or sale." The law, however, "clearly distinguishes between the claims of purchasers and sellers on the one hand and those of holders on the other." *Meyer*, 220 F.R.D. at 129. That every holder, by definition, was once a purchaser, and is a prospective seller, does not eliminate the legal distinction between them.

Since plaintiff's claim does not involve the purchase or sale of securities, SLUSA does not apply. *Green v. Ameritrade, Inc.*, 279 F.3d 590, 598-99 (8th Cir 2002) (SLUSA does not apply to investor's claim he did not receive broker information he believed he contracted for); *Feitelberg v. Credit Suisse First Boston LLC*, 2003 WL 22434098, at *5 (N.D.Cal. Oct 24, 2003) (SLUSA does not apply to claims brought on behalf of holders); *Shaev v. Claflin*, 2001 WL 548567, at *5-6 (N.D. Cal. May 17, 2001) (the defendants could not show propriety of removal under

SLUSA in case alleging claims on behalf of holders of stock); *Gordon v. Buntrock*, 2000 WL 556763, *3-5 (N.D. Ill. April 28, 2000) (securities holders' claim for breach of fiduciary duty not subject to removal under SLUSA because the plaintiff was not seeking "purchaser/seller" damages arising out of alleged fraud); and *Burns v. Prudential Securities*, 116 F. Supp 2d 917, 922-23 (N.D. Ohio 2000) (removal of state court claims for, among other things, breach of fiduciary duty was improper), *subsequent remand motion granted*, 218 F. Supp. 2d 911 (N.D. Ohio 2002).

Upon determination that an action that has been removed to federal court may be maintained in state court, SLUSA requires the Court "shall remand" the action. 15 U.S.C. §§77p(4) & 78bb(f)(3)(D). Accordingly, the Court should remand plaintiff's breach of contract claim to state court.

### III.   PLAINTIFF'S CLAIM IS NOT PREEMPTED

Defendants make the unsupported and unsupportable statement that plaintiff's claim is preempted by the Investment Company Act of 1940 ("ICA"). (Notice of Removal, ¶ 11.) No citation, argument, or reasoning is advanced by Defendants, presumably because they could find none. Defendants only assert that "Plaintiffs' claims address issues that arise under" the ICA. *Id.* Such a conclusory assertion does not satisfy defendants' burden of demonstrating that the ICA preempts plaintiff's claim. *Silkwood v. Kerr-McGee Corp.*, 464 U.S. 238, 255 (1984) (party claiming preemption bears the burden of demonstrating that federal law preempts state law). In *Meyer*, the defendants, as here, asserted that the plaintiff's claims implicated the ICA. In remanding the case back to state court, Chief Judge Young implicitly held that the ICA did not preempt the plaintiff's state law claim. 220 F.R.D. at 130.

Furthermore, aside from *Meyer*, controlling authority holds that the ICA does not preempt state law claims. *Burks v. Lasker*, 441 U.S. 471 (1979) (court should apply state law in suit

alleging violations of ICA); *Green v. Fund Asset Management, L.P.*, 245 F.3d 214, 230 (3d Cir. 2001) (state law claims for breach of fiduciary duty and deceit "are not preempted" by the ICA). Thus, plaintiff's claim for breach of contract is not preempted by the ICA.

### IV.   COSTS AND ATTORNEY'S FEES SHOULD BE AWARDED

In remanding this case, the Court should also award costs and attorney's fees to plaintiff for improper removal, pursuant to 28 U.S.C. § 1447 (c). Such an award is particularly appropriate here in light of defendants' counsel's involvement in the *Meyer* case. 220 F.R.D. at 128.

### CONCLUSION

*Meyer* is controlling. SLUSA does not govern. There is no preemption. The Court should remand this case to the Superior Court and award the Plaintiff reasonable attorneys' fees and costs in bringing this motion.

Dated: June 6, 2005

**Respectfully submitted,**

BY: /s/ John C. Martland
David Pastor (BBO# 391000)
John C. Martland (BBO# 322980)
GILMAN AND PASTOR, LLP
60 State Street, 37th Floor
Boston, MA 01906
Telephone: (617) 742-9700
Fax: (617) 742-9701

RABIN & PECKEL LLP
275 Madison Avenue, Suite 420
New York, NY 10016
Telephone: (212) 880-3722
Fax: (212) 880-3716

          GLANCY BINKOW & GOLDBERG LLP
          1801 Avenue of the Stars, Suite 311
          Los Angeles, CA 90067
          Telephone: (310) 201-9150
          Fax: (310) 201-9160

          Attorneys for Plaintiff Brian Reaves