## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

BRIAN REAVES, on behalf of himself and
all others similarly situated,

        Plaintiffs,

   v.

MFS SERIES TRUST I, et al.,

        Defendants.

Civil Action No. 05-CV-10804 (MEL)

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
### DEFENDANTS' MOTION TO STAY PROCEEDINGS IN THIS CASE

All Defendants hereby submit this Memorandum of Points and Authorities in support of

their motion to stay further proceedings in this case until the Judicial Panel on Multidistrict

Litigation ("JPML") rules on Defendants' application to transfer the case to the United States

District Court for the District of Maryland for pretrial proceedings in coordination with the

mutual fund "market timing" multidistrict litigation now pending there.

### Introduction

Plaintiff Brian Reaves, purportedly on behalf of himself and others similarly situated,

filed his Complaint in Suffolk County Superior Court on March 21, 2005.  In it, Plaintiff claims

that he owns shares of a mutual fund, the MFS Value Fund, that require him to pay a contingent

deferred sales charge in the event he redeems the shares prior to the expiration of six years from

the date he purchased them.  Compl. ¶¶ 1, 7.  Plaintiff admits he agreed to pay these charges

when he purchased his shares, but now desires to avoid this obligation because Defendants

allegedly "engage[ed] in various forms of misconduct, including market timing . . . [and] unfair

business practices" regarding MFS mutual funds.  *Id.* ¶¶ 2, 20, 30.  Plaintiff sues ten different

MFS management investment companies on this claim, in addition to the one that issued his shares.

Defendants timely removed the case to this Court on April 22, 2005 (dkt. 1). On April 26, Defendants filed a Notice of Tag-Along Action with the Judicial Panel on Multidistrict Litigation ("JPML" or "Panel") (dkt. 2), seeking transfer of the case to the United States District Court for the District of Maryland ("MDL Court"), for coordinated or consolidated pretrial proceedings with more than 20 other cases the JPML previously transferred to the MDL Court alleging market timing with respect to MFS mutual funds, and over 300 other cases asserting similar claims with respect to other mutual fund "complexes."

On May 6, the JPML issued a Conditional Transfer Order ("CTO") to transfer this case to the MDL Court. (CTO-17, Ex. 1 hereto). According to the Panel, this case "appears . . . [to] involve[ ] questions of fact which are common to the actions previously transferred to the District of Maryland." *Id.*

On May 9, Plaintiffs and Defendants stipulated that Defendants would have through and including June 10 to answer, move or otherwise respond to the Complaint (dkt. 4).

On June 6, Plaintiff filed a Motion to Remand in this Court (dkt. 6). Plaintiff argues in that motion that his Complaint alleges "a single cause of action for breach of contract on behalf of certain *holders* of mutual fund shares," and is therefore not within the original jurisdiction of this Court. Memorandum in support of Motion to Remand, at 1 (emphasis in original).

On June 7, Plaintiff filed a Motion to Vacate the CTO with the JPML, arguing that the case should not be transferred to the MDL Court. The Panel's rules allow Defendants twenty days to respond to that motion. *See* JPML Rule 7.2(c). The rules also require that the motion be

considered at the Panel's next appropriate hearing session which, in this case, will be in July. *See* JPML Rule 7.4(d).

## ARGUMENT

As Defendants will argue to the JPML, this case is appropriate for pretrial case management with other "market timing" cases pending against MFS defendants in the MDL Court – including numerous cases transferred by this Court. (*See, e.g.,* CTO-4, CTO-5, Ex. 2). If the JPML agrees, and the case is transferred to the MDL Court, then unless a stay is entered now, "all of the Court's time, energy, and acquired knowledge regarding this action and its pretrial procedures will be wasted." *U.S. Bank, Nat'l Ass'n. v. Royal Indem. Co.*, No. 3:02-CV-0853-P, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002).

### 1.    A Stay Would Serve The Interest Of Judicial Economy And Consistency

The JPML decided last year that "all actions [involving] common questions of fact concerning allegations of market timing and/or late trading in the mutual fund industry" should be transferred to the MDL Court for consolidated or coordinated pretrial case management. (JPML Order, Feb. 20, 2004, Ex. 3 at p. 3.)  According to the JPML, these cases all "focus on similar mutual fund trading practices and procedures with some common defendants and/or witnesses.  Section 1407 centralization of all the actions . . . is necessary in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.  Resolution of overlapping issues, concerning similar conduct in the mutual fund industry, will be streamlined." *Id.*

The Complaint in this case is based on allegations of misconduct that are virtually identical to those in the cases pending before the MDL Court:  Plaintiff alleges that Defendants engaged in "various forms of misconduct, including market timing." Compl. ¶ 20.  The same

allegations are at the core of each of the cases pending against MFS defendants in the MDL. While the claims asserted and the relief sought by the plaintiffs in these cases vary in form, they do not vary in substance – they all seek damages on behalf of either the funds or shareholders directly based on this alleged misconduct.  Transfer is therefore warranted.  *See, e.g., In re Merrill Lynch & Co. Research Reports Sec. Litig.,* 223 F. Supp. 2d 1388, 1389 (J.P.M.L. 2002) (transferring and consolidating actions alleging that broker failed to disclose conflicts of interests "to eliminate duplicative discovery, prevent inconsistent pretrial rulings . . . and conserve the resources of the parties"); *In re Nortel Networks Corp. Sec & "ERISA" Litig.*, 269 F. Supp. 2d 1367, 1368 (J.P.M.L. 2003) (centralizing litigation in which  the defendants were alleged to have breached common law duties owed to members of putative class).[1]

In similar cases, a "majority of courts have concluded that it is . . . appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997).  *See also U.S. Bank,* 2002 WL 31114069, at *2 (staying proceedings on 12(b)(6) motions because so as to avoid an "unnecessary waste of judicial resources if the MDL Motion is ultimately granted"); *Weinke v. Microsoft Corp.,* 84 F. Supp. 2d 989, 990 (E.D. Wis. 2000) (staying proceedings pending MDL transfer decision to conserve judicial resources and avoid inconsistent results); *Aikins v. Microsoft Corp.*, No. Civ. A. 00-0242, 2000 WL 310391, at *1-2 (E.D. La. Mar. 24, 2000) (same); *Tench v. Jackson Nat'l Life Ins. Co.*, No. 99 C 5182, 1999 WL 1044923, at *1-2 (N.D. Ill. Nov. 12, 1999) (same). Indeed, many district courts have entered stays in cases that were subsequently transferred to the

---

[1]     The case for transfer is stronger still because all these cases involve potentially overlapping putative classes.  Cases such as these present the greatest chance for pretrial administrative "chaos" and are especially appropriate for consolidation.  *In re Plumbing Fixture Cases,* 298 F. Supp. 484, 493 (J.P.M.L. 1968); *see also Pepsi-Cola Bottling Co. of Olean v. Cargill, Inc.,* No. 3-95-784, 1995 WL 783610, at *4 (D. Minn. Oct. 20, 1995).

MDL Court in connection with the mutual fund market timing litigation. *See, e.g., Parisi v. Marsh & McLennan Cos.,* No. Civ. A. 04-2091-KHV, 2004 WL 1534181 at *1-2 (D. Kan. Apr. 6, 2004) (staying proceedings so MDL Court could resolve jurisdictional issue common to other cases before it: whether state law claims based on improper market timing raise a substantial federal question under the Investment Company Act of 1940); *Nekritz v. Canary Capital Partners, LLC,* No. Civ. 03-5081, 2004 WL 1462035 at *4 (D. N.J. Jan. 12, 2004) (where several removed class actions involved broadly similar factual allegations and same jurisdictional issues under SLUSA, judicial economy was best served by leaving remand motion to transferee court); *see also Fienerstein v. Marsh & McLennan Cos.,* No. 03-12474 (D. Mass. Mar. 3, 2004); *Sayegh v. Janus Capital Corp.,* No. CV-03-08736 (C.D. Cal. Mar. 22, 2004); *Sherman v. Marshall,* No. 2:03-cv-1037 (S.D. Ohio Jan. 14, 2004) (Ex. 4).

      Courts favor stays pending Panel transfer decisions because proceedings in multiple jurisdictions impose undue costs on the litigants and threaten to waste scarce judicial resources. For example, in *Hertz Corporation v. Gator Corporation*, the United States District Court for the District of New Jersey stayed an action seeking preliminarily to enjoin the defendants from using Internet "pop-up" ads. *See* 250 F. Supp. 2d 421, 427-28 (D.N.J. 2003). The court explained that "[t]he heavy financial burden on [a defendant] borne by having to defend . . . in multiple fora" constituted "a clear hardship weighing in favor of staying [an] action" pending the Panel's transfer decision. *Id.* The court further explained that, absent a stay, parallel pretrial proceedings in multiple fora would potentially waste judicial resources and impose a risk of duplicative discovery and inconsistent rulings of important pretrial legal issues. *See id.*

**2.    A Pending Motion To Remand Does Not Require A Stay To Be Denied**

The fact that Plaintiff has filed a Motion to Remand should not lead to a different result. While this Court obviously has jurisdiction to decide Plaintiff's motion, deferring consideration of it until the Panel's transfer decision would conserve judicial resources and serve the interest of judicial consistency. Indeed, counsel for Plaintiff has filed very similar complaints against a number of other mutual fund "complexes," based on similar allegations of misconduct, advancing the same legal theories, and seeking identical relief, in state courts in Massachusetts and elsewhere. These other cases include *Delaventura v. Columbia Acorn Trust et al.,* No. 05-10793-WGY (D. Mass.), *Maxwell v. Pimco Funds,* No. 8:05-CV-00479-JVS-AN (C.D. Cal.), and *Press v. Putnam Investment Funds,* No. 05-10923-NG (D. Mass.), all of which were removed to federal court, all of which were "tagged" for transfer to the MDL Court, and all of which have been or will be conditionally transferred to the MDL Court. Moreover, in each of these cases, the plaintiffs have filed or will file motions to remand. Accordingly, if the Panel concludes that these cases belong before the MDL Court, they will be transferred to that court, and the judges presiding there will be able to consider the remand motions together, thereby conserving judicial resources and leading to a uniform result on the plaintiffs' arguments.

Proceeding in this manner, and achieving these goals, is even more important because the issues presented in Plaintiff's motion are complex, and will involve analysis of several very recent decisions from other circuits. *See, e.g., Kircher v. Putnam Funds Trust,* 403 F.3d 478 (7th Cir. Apr. 5, 2005); *Rowinski v. Salomon Smith Barney Inc.,* 398 F.3d 294 (3d Cir. Feb. 16, 2005); *Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 395 F.3d 25 (2d Cir. Jan. 11, 2005). In fact, while one court in this jurisdiction previously remanded a breach of fiduciary duty case involving allegations of mutual fund market timing, *see Meyer v. Putnam Int'l Voyager Fund,*

220 F.R.D. 127 (D. Mass. 2004), that case was decided prior to the rulings in these cases, and in fact the outcome in that case directly conflicts with at least one of these recent opinions. *Compare Kircher,* 403 F.3d at 483-84 (plaintiffs cannot avoid federal preemption under the Securities Litigation Uniform Standards Act ["SLUSA"] by claiming to be "holders" of mutual fund shares), *with Meyer*, 220 F.R.D. at 129 (claims asserted by "holders" of mutual fund shares are not preempted by SLUSA).

In cases such as this, considerations of judicial economy and consistency have frequently led courts to defer ruling on remand motions until JPML transfer decisions are made. For example, in *In re Ivy*, 901 F.2d 7 (2d Cir. 1990), the Second Circuit upheld the decision of a district court to defer ruling on a remand motion pending transfer of the case to a pending multidistrict litigation. According to the court of appeals, "[o]nce transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course. Consistency as well as economy is thus served." *Id.* at 9. *See also Bd. of Trs. of the Teachers' Ret. Sys. v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 903-06 (N.D. Ill. 2002) ("Judicial economy favors a stay. Having one court rather than three decide complex jurisdictional issues obviously saves judicial resources."); *Med. Society of the State of New York v. Conn. Gen. Corp.*, 187 F. Supp. 2d 89, 91 (S.D.N.Y. 2001) (placing remand motion on Court's suspense docket pending Panel's transfer decision and finding significant economies from having single court decide federal preemption questions); *Aikins*, 2000 WL 310391, at *1 (granting stay to promote consistency and economy, and ruling that plaintiff may reassert motion to remand if Panel declines to consolidate cases); *Johnson v. AMR Corp.*, No. 95 C 7659, 1996 WL 164415, at *3-4 (N.D. Ill. Apr. 3, 1996) (granting stay and deferring decision on motion to remand until Panel rules on transfer based on "obvious" benefit that "jurisdictional objections can be heard and

resolved by a single court and reviewed at the appellate level in due course" (citation omitted));
*Boudreaux v. Metro. Life Ins. Co.*, Civ. A. No. 95-138, 1995 WL 83788, at *2 (E.D. La. Feb. 24,
1995) ("Because the issue involved in this remand motion is likely to be common to other
transferred cases, the policies of efficiency and consistency of pre-trial rulings are furthered by a
stay of the proceedings in this Court pending a decision on the conditional transfer order.").

Certainly there are cases in which remand motions are heard prior to resolution of
transfers to courts presiding over multidistrict cases.  Proceeding in that manner makes sense
where the question presented is "easy," or involves a state law issue unique to a case or cases
pending in a single court.  *See Worldcom,* 244 F. Supp. 2d at 903; *see also In re Mass. Diet Drug
Litig.,* 338 F. Supp. 2d 198, 201 (D. Mass. 2004) (remand motions in cases pending before Judge
O'Toole turn on same question of state law which "does not appear . . . likely to arise in other . . .
litigation in other courts"); *Bellorin v. Bridgestone/Firestone, Inc.*, 236 F. Supp. 2d 670, 676
(W.D. Tex. 2001) ("issues raised by Plaintiffs' Motion to Remand are unique to this case").
Some cases also involve case-specific determinations about whether the amount in controversy is
established.  *See, e.g., Tortola Restaurants, LP v. Kimberly-Clark Corp.,* 987 F. Supp. 1186,
1189 (N.D. Cal. 1997).  Plaintiff's case, however, shares none of these characteristics.  Instead, it
and the others Plaintiff's counsel has filed present complex issues of federal jurisdiction that
should be resolved in a manner that maximizes judicial economy and advances the interest of
judicial consistency.

3.     **Plaintiff Will Not Be Prejudiced By A Stay**

Plaintiff will not be prejudiced by a stay of the proceedings in this Court pending
resolution of his Motion to Vacate by the Panel.  As the district court held in *Sherman v.
Marhsall,* "[t]his litigation is in its very early stages . . .   [Plaintiff's] motion to remand remains

pending and, depending on the outcome of the [motion to transfer] will be ruled upon by either the undersigned judge or the transferee judge." No. 2:03-cv-1037 (S.D. Ohio, Jan. 14, 2004) (Ex. 4). In addition, the JPML has recognized that consolidating cases for pretrial proceedings permits plaintiffs to "experience a net savings of time, effort and expenses through [the] pooling [of] resources with other plaintiffs in the transferee district who share similar interests." *In re Stirling Homex Corp. Sec. Litig.*, 405 F. Supp. 314, 316 (J.P.M.L. 1975); *see also In re Diet Drug (Prods.) Liab. Litig.*, 990 F. Supp. 834, 836 (J.P.M.L. 1998) (noting that all parties can benefit from the "economies of scale" made possible by consolidated proceedings).

For reasons of judicial economy, and in deference to the MDL Panel's mandate to coordinate federal market-timing litigation, this Court should stay proceedings in this case pending a decision by the JPML regarding transfer of the case to the MDL Court.

## Conclusion

For all the foregoing reasons, Defendants ask this Court to stay all deadlines, briefing schedules, and other proceedings in this Court until the JPML has ruled on Defendants' application to transfer this case to the MDL Court.

Dated: June 10, 2005                     Respectfully submitted,

                                          /s/ Jane E. Willis
                                          John D. Donovan, Jr. (BBO#130950)
                                          Jane E. Willis (BBO#568024)
                                          Carisa Klemeyer
                                          ROPES & GRAY LLP
                                          One International Place
                                          Boston, MA  02110-0624
                                          Telephone: (617) 951-7000
                                          Fax: (617) 951-7050


                                          Counsel for ALL DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on the attorney of record for each party in this matter by filing the document electronically with this Court, using the Court's ECF filing system, on this 10th day of June, 2005.


/s/  Jane E. Willis__
Jane E. Willis

# EXHIBIT 1

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY – 6 2005

FILED
CLERK'S OFFICE

## DOCKET NO. 1586

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE MUTUAL FUNDS INVESTMENT LITIGATION

> *Dean Delaventura v. Columbus Acorn Trust, et al.,* D. Massachusetts,
> C.A. No. 1:05-10793
> *Brian Reaves v. MFS Series Trust I, et al.,* D. Massachusetts, C.A. No. 1:05-10804

### CONDITIONAL TRANSFER ORDER (CTO-17)

On February 20, 2004, the Panel transferred 91 civil actions to the United States District Court for the District of Maryland for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 326 additional actions have been transferred to the District of Maryland. With the consent of that court, all such actions have been assigned to the Honorable J. Frederick Motz, the Honorable Andre Davis and the Honorable Catherine C. Blake.

It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the District of Maryland.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the District of Maryland for the reasons stated in the order of February 20, 2004, 310 F.Supp.2d 1359 (J.P.M.L. 2004), and, with the consent of that court, assigned to the Honorable J. Frederick Motz, the Honorable Andre Davis and the Honorable Catherine C. Blake.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the District of Maryland. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

*Michael J. Beck*

Michael J. Beck
Clerk of the Panel

RULE 5.2:    SERVICE OF PAPERS FILED

(a)    All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each. If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service. After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings. In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b)    The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion. The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c)    Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation. Only one attorney shall be designated for each party. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d)    In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel. After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e)    If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

INVOLVED COUNSEL LIST (CTO-17)
DOCKET NO. 1586
IN RE MUTUAL FUNDS INVESTMENT LITIGATION

John B. Isbister
Tydings & Rosenberg
100 East Pratt Street
26th Floor
Baltimore, MD 21202

John C. Martland
Gilman & Pastor, L.L.P.
Stonehill Corporate Center
999 Broadway
Suite 500
Saugus, MA 01906

Brian E. Pastuszenski
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109-2881

Mark A. Perry
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036

Jane E. Willis
Ropes & Gray
One International Place
Boston, MA 02110

**EXHIBIT 2**

15

A CERTIFIED TRUE COPY

FILED _____ ENTERED
_____ LODGED _____ RECEIVED

MAY 2 4 2004

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND DEPUTY
BY

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 0 3 2004

FILED
CLERK'S OFFICE

*DOCKET NO. 1586*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE MUTUAL FUNDS INVESTMENT LITIGATION*

### *(SEE ATTACHED SCHEDULE)*

### *CONDITIONAL TRANSFER ORDER (CTO-4)*

On February 20, 2004, the Panel transferred 91 civil actions to the United States District Court for the District of Maryland for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 210 additional actions have been transferred to the District of Maryland. With the consent of that court, all such actions have been assigned to the Honorable J. Frederick Motz, the Honorable Andre M. Davis, the Honorable Frederick P. Stamp, Jr., and the Honorable Catherine C. Blake.

It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the District of Maryland.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the District of Maryland for the reasons stated in the order of February 20, 2004, ____F.Supp.2d____ (J.P.M.L. 2004), and, with the consent of that court, assigned to the Honorable J. Frederick Motz, the Honorable Andre M. Davis, the Honorable Frederick P. Stamp, Jr., and the Honorable Catherine C. Blake.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the District of Maryland. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL

Inasmuch as no objection is
pending at this time, the
stay is lifted.

MAY 1 9 2004

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Michael J. Beck
Michael J. Beck
Clerk of the Panel

**SCHEDULE CTO-4 - TAG ALONG CASES**
**DOCKET NO. 1586**
**IN RE MUTUAL FUNDS INVESTMENT LITIGATION**

DISTRICT  DIV. C.A. #

**FLORIDA SOUTHERN**
   FLS    0   04-60420    Anita Cullen v. Templeton Growth Fund, Inc., et al.  04-1613

**ILLINOIS SOUTHERN**
   ~~ILS    3   04-179~~    ~~Joseph Parise, Jr., etc. v. Templeton Funds, Inc., et al.~~ Vacated 5/17/04

**NEVADA**
   NV    2   03-1644    Marvin Kaplan, et al. v. Security Brokerage, Inc., et al.  04-1614
   NV    2   04-96    Tim Christman v. Security Brokerage, Inc., et al.  04-1615

**NEW YORK SOUTHERN**
   NYS    1   03-8939    Robert P. Kelly v. Strong Capital Management, Inc.  04-1616
   NYS    1   03-10191    Allen Colvin, et al. v. Massachusetts Financial Services Co., et al.  04-1617
   NYS    1   04-1045    Juliet Rintoul v. Massachusetts Financial Services Co., et al.  04-1618
   NYS    1   04-1143    Ed Casey v. Federated Global Investment Management Corp.  04-1619
   NYS    1   04-1185    John Hammerslough v. Massachusetts Financial Services Co.  04-1620
   NYS    1   04-1915    1199 Seiu Greater New York Pension Fund, et al. v. Marsh & McLennan Companies, Inc., et al.  04-1621
   NYS    1   04-2114    Richard A. Rehbock v. Alliance Capital Management Corp., et al.  04-1622
   NYS    1   04-2170    Robert J. Mocock v. Scudder 21st Century Growth Fund, et al.  04-1623
   NYS    1   04-2489    Hedi Hertz, etc. v. Harmon E. Burns, et al.  04-1624

**WISCONSIN EASTERN**
   WIE    2   03-1448    Jackson T. Ferris, et al. v. Strong Capital Management, Inc., et al.  04-1625
   WIE    2   04-260    Sean Wilson, etc. v. Richard S. Strong, et al.  04-1626
   WIE    2   04-261    Brian Munroe, etc. v. Richard D. Strong, et al.  04-1627

24

A CERTIFIED TRUE COPY

JUN - 4 2004

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 0 2 '004

CL
INT

URT
AND

DEPUTY

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 1 9 2004

FILED
CLERK'S OFFICE

*DOCKET NO. 1586*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE MUTUAL FUNDS INVESTMENT LITIGATION*

*(SEE ATTACHED SCHEDULE)*

*CONDITIONAL TRANSFER ORDER (CTO-5)*

On February 20, 2004, the Panel transferred 91 civil actions to the United States District Court for the District of Maryland for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 210 additional actions have been transferred to the District of Maryland. With the consent of that court, all such actions have been assigned to the Honorable J. Frederick Motz, the Honorable Andre M. Davis, the Honorable Frederick P. Stamp, Jr., and the Honorable Catherine C. Blake.

It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the District of Maryland.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the District of Maryland for the reasons stated in the order of February 20, 2004, ____F.Supp.2d____ (J.P.M.L. 2004), and, with the consent of that court, assigned to the Honorable J. Frederick Motz, the Honorable Andre M. Davis, the Honorable Frederick P. Stamp, Jr., and the Honorable Catherine C. Blake.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the District of Maryland. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

Inasmuch as no objection is
pending at this time, the
stay is lifted.

JUN - 4 2004

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

*Michael J. Beck*

Michael J. Beck
Clerk of the Panel

# SCHEDULE CTO-5 - TAG ALONG ACTIONS
## DOCKET NO. 1586
## IN RE MUTUAL FUNDS INVESTMENT LITIGATION

DISTRICT  DIV. C.A.#

**MASSACHUSETTS**

| | | | | |
|---|---|---|---|---|
| MA | 1 | 03-12514 | 04-1750 | Oliver S. Trone v. MFS Capital Opportunities Fund, et al. |
| MA | 1 | 03-12515 | 04-1751 | Delores B. Manson, etc. v. Massachusetts Financial Services Co., et al. |
| MA | 1 | 03-12520 | 04-1752 | David Shaev v. Massachusetts Financial Services Co. |
| MA | 1 | 03-12536 | 04-1753 | Danielle Adams, et al. v. MFS Capital Opportunities Fund, et al. |
| MA | 1 | 03-12545 | 04-1754 | Steven Greenberg v. Massachusetts Financial Services Co., et al. |
| MA | 1 | 03-12570 | 04-1755 | Jacob Elephant, et al. v. Massachusetts Financial Services Co., et al. |
| MA | 1 | 03-12595 | 04-1756 | Zachary Alan Starr, etc. v. Massachusetts Financial Services Co., et al. |
| MA | 1 | 03-12622 | 04-1757 | Yakov Burstein, IRA, et al. v. MFS Global Telecommunications Fund, et al. |
| MA | 1 | 03-12629 | 04-1758 | Anita Walker v. Massachusetts Financial Services Co., et al. |
| MA | 1 | 04-10009 | 04-1759 | Albert Feldman v. Massachusetts Financial Services Co., et al. |
| MA | 1 | 04-10010 | 04-1760 | Ed Casey v. Massachusetts Financial Services Co. |
| MA | 1 | 04-10252 | 04-1761 | Hugh F. Boyd, III, et al. v. Massachusetts Financial Services Co., et al. |
| MA | 1 | 04-10253 | 04-1762 | Harold A. Berger v. Massachusetts Financial Services Co., et al. |
| MA | 1 | 04-10315 | 04-1763 | Catherine Dukes v. Columbia Acorn Fund, et al. |
| MA | 1 | 04-10355 | 04-1764 | AB Medical Equipment Corp. v. FleetBoston Financial Corp., et al. |
| MA | 1 | 04-10408 | 04-1765 | Lawrence S. Wick, et al. v. FleetBoston Financial Corp., et al. |
| MA | 1 | 04-10434 | 04-1766 | Diane Hutto, etc. v. Massachusetts Financial Services Co., et al. |
| MA | 1 | 04-10452 | 04-1767 | Boris Fieldman, etc. v. Massachusetts Financial Services Co., et al. |
| MA | 1 | 04-10534 | 04-1768 | George Slaybe, et al. v. Columbia Management Adviros, Inc. |
| MA | 1 | 04-10555 | 04-1769 | David Armetta, etc. v. FleetBoston Financial Corp., et al. |
| MA | 1 | 04-10556 | 04-1770 | Todd Klein, etc. v. John A. Hill, et al. |
| MA | 1 | 04-10557 | 04-1771 | Steven Wiegand, etc. v. John A. Hill, et al. |
| MA | 1 | 04-10567 | 04-1772 | Edward I. Segel, et al. v. FleetBoston Financial Corp., et al. |
| MA | 1 | 04-10603 | 04-1773 | Luann K. Caprio v. Columbia Acorn Fund, et al. |

# EXHIBIT 3

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 2 0 2004

FILED
CLERK'S OFFICE.

MDL 1586

*RELEASED FOR PUBLICATION*

*DOCKET NOS. 1576, 1577, 1582, 1585, 1586, 1590 & 1591*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*MDL-1576–IN RE JANUS MUTUAL FUNDS INVESTMENT LITIGATION*

*MDL-1577–IN RE STRONG MUTUAL FUNDS INVESTMENT LITIGATION*

*MDL-1582–IN RE BANK ONE MUTUAL FUNDS INVESTMENT LITIGATION*

*MDL-1585–IN RE BANK OF AMERICA MUTUAL FUNDS INVESTMENT LITIGATION*

*MDL-1586–IN RE MUTUAL FUNDS INVESTMENT LITIGATION*

*MDL-1590–IN RE PUTNAM MUTUAL FUNDS INVESTMENT LITIGATION*

*MDL-1591–IN RE ALLIANCE CAPITAL MUTUAL FUNDS INVESTMENT LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA, D. LOWELL JENSEN, J. FREDERICK MOTZ AND ROBERT L. MILLER, JR., JUDGES OF THE PANEL*·

*ORDER*

---

\* Three members of the Panel would be disqualified in this matter due to shareholdings in one or more of the interested parties, and one Panel seat was vacant at the time the matter was considered. The Panel therefore invoked the "rule of necessity" and all members participated in the decision in order to provide the forum created by the governing statute, 28 U.S.C. § 1407. *See In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation*, 170 F.Supp.2d 1356, 1357-58 (J.P.M.L. 2001).

IMAGED FEB 20 '04          OFFICIAL FILE COPY

- 2 -

Before the Panel are seven dockets involving market timing/late trading allegations primarily against six different families of mutual funds.[1] In six dockets – MDL-1576 (Janus), MDL-1577 (Strong), MDL-1582 (Bank One), MDL-1585 (Bank of America), MDL-1590 (Putnam) and MDL-1591 (Alliance) – various plaintiff and/or defendant movants in each docket[2] seek centralization of the actions now before the Panel[3] and later-filed related actions under 28 U.S.C. § 1407 on a fund-by-fund basis – usually in the federal district in which the mutual fund family is headquartered or has significant contacts. In the remaining docket – MDL-1586 – the Canary parties[4] seek centralization of all market timing/late trading mutual fund actions and later-filed related actions[5] in one multidistrict docket.

All responding parties in actions now before the Panel support coordinated or consolidated Section 1407 proceedings on either a fund-by-fund basis or as one multidistrict docket. Some movants and/or various responding parties suggest selection of the Southern District of New York or the District of New Jersey as transferee district for several of these dockets. If the Panel deems centralization on a fund-by-fund basis to be appropriate, other suggested transferee districts include the following: District of Colorado (MDL-1576); Eastern or Western Districts of Wisconsin (MDL-1577); Northern District of Illinois or Southern District of Ohio (MDL-1582); Central District of California or Western

---

[1] At the hearing session in these seven dockets, the Panel heard combined oral argument. Accordingly, the overlapping issues raised in these dockets are addressed in this one order.

[2] Movants in these six dockets are as follows: MDL-1576 involves two separate motions – one by plaintiff in one Colorado action and the other by Janus Capital Group, Inc., and Janus Capital Management LLC; the MDL-1577 motion is brought by plaintiff in one Wisconsin action; the MDL-1582 motion is brought by Bank One Corporation and Banc One; the MDL-1585 motion is brought by plaintiffs in one California action; the MDL-1590 motion is brought by Putnam Investments Trust, Putnam Investment Management, LLC, Putnam Investment Funds, Marsh & McLennan Companies, Inc., particular Putnam mutual funds and various individual trustees, directors and employees; and the MDL-1591 motion is brought by Alliance Capital Management L.P., Alliance Capital Management Holding L.P. and Alliance Capital Management Corp.

[3] One action on the MDL-1590 motion – *Carl Kircher, et al. v. Putnam Funds Trust, et al.*, S.D. Illinois, C.A. No. 3:03-691 – was remanded to Illinois state court on January 27, 2004. Accordingly, the question of inclusion of this action in Section 1407 pretrial proceedings is moot.

[4] Canary Capital Partners, LLC; Canary Capital Partners, Ltd.; Canary Investment Management, LLC; and one affiliated individual.

[5] Thirty-five actions which were not included in the MDL-1586 motion, but were included in the motions in MDLs 1585, 1590 or 1591, are now included in this transfer order. All parties to these actions had notice of the proceedings before the Panel relating to Section 1407 transfer of their actions for coordinated or consolidated pretrial proceedings and had an opportunity to state their respective positions in writing and at the Panel's January 29, 2004 hearing session regarding the matters now before the Panel.

The Panel has been notified that more than 170 potentially related actions have been filed in these seven dockets. These actions and any other related actions will be treated as potential tag-along actions in MDL-1586. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 3 -

District of North Carolina (MDL-1585); District of Massachusetts or District of Connecticut (MDL-1590); and Eastern District of New York (MDL-1591).

On the basis of the papers filed and hearing session held, the Panel finds that all actions in these seven dockets involve common questions of fact concerning allegations of market timing and/or late trading in the mutual fund industry. Whether the actions are brought by securities holders seeking relief under the federal securities laws or shareholders suing derivatively on behalf of the involved mutual funds, all actions can be expected to focus on similar mutual fund trading practices and procedures with some common defendants and/or witnesses. Section 1407 centralization of all the actions as one multidistrict docket (MDL-1586) in the District of Maryland will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Congregating these mutual fund market timing/late trading actions there is necessary in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. Resolution of overlapping issues, concerning similar conduct in the mutual fund industry, will be streamlined. *See In re Managed Care Litigation*, 2000 U.S. Dist. LEXIS 15927 (J.P.M.L. Oct. 23, 2000).

Opponents of Section 1407 centralization of all actions in one multidistrict litigation argue that the presence of unique questions of fact relating to each mutual fund family should produce a different result. These parties urge us, instead, to centralize related actions/claims on a fund-by-fund basis. We are unpersuaded by these arguments. Indeed, we point out that transfer to a single district under Section 1407 has the salutary effect of placing all mutual fund market timing/late trading actions before one court which can formulate a pretrial program that: 1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. We note that the MDL-1586 transferee court can employ any number of pretrial techniques – such as establishing separate discovery and/or motion tracks for each mutual fund family and/or separate tracks for the different types of actions involved – to efficiently manage this litigation. In any event, we leave the extent and manner of coordination or consolidation of these securities and derivative claims as well as related claims arising under any other federal and/or state laws to the discretion of the transferee court. *In re Equity Funding Corp. of America Securities Litigation*, 375 F.Supp. 1378, 1384-85 (J.P.M.L. 1974).

Given the geographic dispersal of constituent actions and potential tag-along actions, no district stands out as the geographic focal point for this nationwide litigation. Thus we have searched for a transferee district with the capacity and experience to steer this litigation on a prudent course. In addition, this litigation encompasses complex claims against multiple mutual funds by a vast number of plaintiffs/putative class members which could potentially i) present various disqualification issues and/or ii) consume much attention from one transferee judge. Accordingly, the Panel has decided to

- 4 -

entrust this litigation to multiple transferee judges,[6] sitting individually and/or jointly in their own discretion, in the District of Maryland.

IT IS THEREFORE ORDERED that the motions for centralization of actions/claims on a fund-by-fund basis in MDL-1576 (Schedule A), MDL-1577 (Schedule B), MDL-1582 (Schedule C), MDL-1585 (Schedule D), MDL-1590 (Schedule E) and MDL-1591(Schedule F) are denied.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1407, the actions on the attached Schedule G are transferred to the District of Maryland and, with the consent of that court, assigned to the Honorable J. Frederick Motz, the Honorable Andre M. Davis and the Honorable Frederick P. Stamp, Jr. (sitting in the District of Maryland pursuant to an intracircuit assignment under 28 U.S.C. § 292) for coordinated or consolidated pretrial proceedings in MDL-1586.[7]  Each transferee judge shall have jurisdiction over the coordinated or consolidated pretrial proceedings in this litigation and each judge may act individually and/or jointly with respect to these proceedings as they may decide among themselves.[8]

FOR THE PANEL:

*Wm. Terrell Hodges*
Wm. Terrell Hodges
Chairman

---

[6]  28 U.S.C. § 1407(b); *In re In re Air Crash Disaster Near Chicago, Illinois, on May 25, 1979*, 476 F.Supp. 445 (J.P.M.L 1979); *In re Sugar Industry Antitrust Litigation*, MDL-201A (J.P.M.L. May 5, 1978) (unpublished order).

[7]  Judge Stamp's designation as a transferee judge is subject only to the approval of the Honorable Irene M. Keeley, Chief Judge of the Northern District of West Virginia, who presently is out of the country. The Honorable Catherine C. Blake has also agreed to work with these three MDL-1586 transferee judges in organizing this docket and to serve as the first additional transferee judge if the exigencies of this docket so require and her schedule so permits.

[8]  Panel Rule 1.6(a), R.P.J.P.M.L., 199 F.R.D. at 428, requires clerks of transferor district courts to forward to the clerk of the transferee district court the complete original file and docket sheet for each transferred action. Because of the voluminous files in this docket, the MDL-1586 transferee judges have requested that the Panel partially suspend this rule in MDL-1586 and require the transferor district court clerks to forward only the docket sheet for each transferred action to the clerk of the District of Maryland. Accordingly, Panel Rule 1.6(a) is partially suspended in MDL-1586 for these actions and any subsequently transferred related actions. *In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415, 424 (J.P.M.L. 1991). Panel Rule 1.6(a) will thus remain in effect for the transmittal of docket sheets, while we will rely on the judgment of the transferee judges to request from the transferor district clerks or the parties whatever case files any of them needs.

## SCHEDULE A

MDL-1576 -- In re Janus Mutual Funds Investment Litigation

### District of Colorado

*Vivian Bernstein v. Janus Capital Management, LLC, et al.*, C.A. No. 1:03-1798
*Ronald Abrams, et al. v. Janus Fund, et al.*, C.A. No. 1:03-1817
*John G. Hill, Jr. v. Janus Capital Group, Inc., et al.*, C.A. No. 1:03-1847
*Leona A. Marini, etc. v. Janus Investment Fund, et al.*, C.A. No. 1:03-1857
*Priya Vadehera v. Janus Capital Group, Inc., et al.*, C.A. No. 1:03-1871
*Tara Goldstein v. Janus Capital Group, Inc., et al.*, C.A. No. 1:03-1884
*Vivian Bernstein v. Janus Capital Management, LLC, et al.*, C.A. No. 1:03-1909

### District of New Jersey

*Andrew D. Mule, et al. v. Strong Capital Management, Inc., et al.*, C.A. No. 2:03-4221
*Arthur Sylvester v. Janus Capital Group, Inc., et al.*, C.A. No. 2:03-4261
*Rhonda Vladimir v. Janus Capital Management, LLC, et al.*, C.A. No. 2:03-4273
*May Etsen, et al. v. Janus Fund, et al.*, C.A. No. 2:03-4369
*Robert Corwin v. Thomas H. Bailey, et al.*, C.A. No. 2:03-4384
*Herbert Morris, etc. v. Janus Capital Management, LLC, et al.*, C.A. No. 2:03-4453

### Southern District of New York

*Carol Pestone v. Janus Capital Group, Inc., et al.*, C.A. No. 1:03-6760
*Brian Wormley, et al. v. Janus Capital Group, Inc., et al.*, C.A. No. 1:03-6790
*Selma Stone, et al. v. Janus Fund, et al.*, C.A. No. 1:03-6914
*James Schultz v. Janus Capital Management, LLC, et al.*, C.A. No. 1:03-7123
*Roger L. Bailey v. Janus Capital Management, LLC, et al.*, C.A. No. 1:03-7125
*Elsie Haig, et al. v. Janus Fund, et al.*, C.A. No. 1:03-7218
*Jack Yarbrough, et al. v. Janus Fund, et al.*, C.A. No. 1:03-7333
*Nechama Tepfer v. Janus Capital Group, Inc., et al.*, C.A. No. 1:03-7337

### Eastern District of Pennsylvania

*Gloria Steinberg, et al. v. Janus Capital Management, LLC, et al.*, C.A. No. 2:03-5048
*Tom Kidwell, etc. v. Janus Capital Group, Inc., et al.*, C.A. No. 2:03-5242
*George P. Tsetsekos, etc. v. Janus Capital Group, Inc., et al.*, C.A. No. 2:03-5354

## SCHEDULE B

MDL-1577 -- In re Strong Mutual Funds Investment Litigation

### District of New Jersey

*Andrew D. Mule, et al. v. Strong Capital Management, Inc., et al.*, C.A. No. 2:03-4221

### Southern District of New York

*Selma Stone v. Strong Advisor Common Stock Fund, et al.*, C.A. No. 1:03-6916

### Eastern District of Wisconsin

*Gregory D. Coleman, etc. v. Strong Financial Corp., et al.*, C.A. No. 2:03-862
*James Blevins v. Strong Capital Management, Inc., et al.*, C.A. No. 2:03-868
*Thomas R. Jones v. Strong Financial Corp., et al.*, C.A. No. 2:03-884
*Holly Painter v. Strong Capital Management, Inc., et al.*, C.A. No. 2:03-895
*Steve LeFavour, etc. v. Strong Financial Corp., et al.*, C.A. No. 2:03-897

## SCHEDULE C

MDL-1582 -- In re Bank One Mutual Funds Investment Litigation

#### Northern District of Illinois

*William Pelak v. Bank One Corp., et al.*, C.A. No. 1:03-6591

#### District of New Jersey

*Andrew D. Mule, et al. v. Strong Capital Management, Inc., et al.*, C.A. No. 2:03-4221
*Andy Yijun Huang, et al. v. One Group Technology Fund, et al.*, C.A. No. 2:03-4514

#### Southern District of New York

*Allan Dworkin v. One Group Technology Fund, et al.*, C.A. No. 1:03-6915
*Charles Tischler v. Bank One Corp., et al.*, C.A. No. 1:03-6970
*Amy Bloomfield v. Mark A. Beeson, et al.*, C.A. No. 1:03-6975

#### Southern District of Ohio

*David Brett v. Bank One Corp., et al.*, C.A. No. 2:03-818

**SCHEDULE D**

MDL-1585 -- In re Bank of America Mutual Funds Investment Litigation

### Central District of California

*Leann Lin v. Bank of America Corp., et al.*, C.A. No. 2:03-6330
*Kathleen A. Sussman, et al. v. Nations Capital Growth Fund, et al.*, C.A. No. 2:03-6957
*Jean Marie Maggi, et al. v. Bank of America Corp., et al.*, C.A. No. 2:03-7249

### District of New Jersey

*John Golisano v. Bank of America Corp., et al.*, C.A. No. 2:03-4230
*Roderick Rohrer v. Nations Capital Growth Fund, et al.*, C.A. No. 2:03-4496

### Southern District of New York

*Samuel T. Cohen v. Nations Capital Growth Fund, et al.*, C.A. No. 1:03-6847

## SCHEDULE E

MDL-1590 -- In re Putnam Mutual Funds Investment Litigation

### Northern District of California

*Jacqueline Burton, et al. v. Marsh & McLennan Companies, Inc., et al.*, C.A. No. 3:03-4973

### District of Delaware

*Zachary Alan Starr, etc. v Putnam Investment Management, Inc., et al.*, C.A. No. 1:03-1023

### District of Massachusetts

*Diane Saunders v. Putnam American Government Income Fund*, C.A. No. 1:03-12086
*Sally A. Bulawsky, et al. v. Marsh & McLennan Companies, Inc., et al.*,
   C.A. No. 1:03-12094
*Samuel M. Troutman, et al. v. Putnam American Government Income Fund, et al.*,
   C.A. No. 1:03-12116
*Lawrence E. Jaffe, etc. v. Putnam American Government Income Fund, et al.*,
   C.A. No. 1:03-12162
*Miranda Zuber, et al. v. Putnam Investment Management, LLC*, C.A. No. 1:03-12175
*Sara Gurno, et al. v. Putnam American Government Income Fund, et al.*,
   C.A. No. 1:03-12196
*Ann Schneps Dubin, et al. v. Putnam Investment Management, LLC*, C.A. No. 1:03-12209
*Rochelle Meyer, etc. v. Putnam International Voyager Fund, et al.*, C.A. No. 1:03-12214

### Southern District of New York

*Shelia Schulman, et al. v. Putnam American Government Income Fund, et al.*,
   C.A. No. 1:03-8323
*Dawn Maniskas v. Putnam American Government Income Fund, et al.*, C.A. No. 1:03-8368
*Salvatore Piliere v. Putnam Global Income Trust, et al.*, C.A. No. 1:03-8407
*Paul Angotta, et al. v. Putnam American Government Income Fund, et al.*,
   C.A. No. 1:03-8651
*Kristin Garfield v. Putnam American Government Income Fund, et al.*, C.A. No. 1:03-8683
*Ingeborg Engeler v. Putnam Investments Trust, et al.*, C.A. No. 1:03-8720

# SCHEDULE F

MDL-1591 -- In re Alliance Capital Mutual Funds Investment Litigation

### District of New Jersey

*Milton Pfeiffer v. Alliance Capital Management, L.P.*, C.A. No. 2:03-4724
*Roger Jee v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 2:03-4895
*Marvin Goldfarb v. AllianceBernstein Growth & Income Fund, Inc., et al.*,
   C.A. No. 2:03-4962

### Eastern District of New York

*Felicia Bernstein v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 2:03-5087
*Robert K. Finnell v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 2:03-5345

### Southern District of New York

*Nada Hindo, et al. v. Alliance Capital Management Holding, L.P., et al.*,
   C.A. No. 1:03-7765
*George W. Bookhout, et al. v. Alliance Capital Management Holding, L.P., et al.*,
   C.A. No. 1:03-7955
*Charles Healy v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 1:03-8008
*Richard J. Abt v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 1:03-8202
*Tracy Silverman v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 1:03-8274
*Marlene Seybold v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 1:03-8278
*Martine Stansbery, Jr. v. AXA Financial, Inc.*, C.A. No. 1:03-8282
*Michael Bernstein, et al. v. Alliance Capital Management Holding, L.P., et al.*,
   C.A. No. 1:03-8350
*Regina Kopelowitz v. AllianceBernstein Growth & Income Fund, Inc., et al.*,
   C.A. No. 1:03-8372
*Robin Fernhoff, et al. v. AllianceBernstein Growth & Income Fund, Inc., et al.*,
   C.A. No. 1:03-8402
*Timothy J. Plank v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 1:03-8466
*Israel Grafstein v. AXA Financial, Inc., et al.*, C.A. No. 1:03-8685
*Gary Frost v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 1:03-8722
*Lori Weinrib v. AllianceBernstein Growth & Income Fund, Inc., et al.*, C.A. No. 1:03-8915
*Blanchard D. Smith, Jr. v. AllianceBernstein Growth & Income Fund, Inc., et al.*,
   C.A. No. 1:03-8981

## SCHEDULE G

MDL-1586 -- In re Mutual Funds Investment Litigation

### Northern District of California

*Jacqueline Burton, et al. v. Marsh & McLennan Companies, Inc., et al.,* C.A. No. 3:03-4973

### Central District of California

*Leann Lin v. Bank of America Corp., et al.,* C.A. No. 2:03-6330
*Kathleen A. Sussman, et al. v. Nations Capital Growth Fund, et al.,* C.A. No. 2:03-6957
*Jean Marie Maggi, et al. v. Bank of America Corp., et al.,* C.A. No. 2:03-7249

### District of Colorado

*Vivian Bernstein, et al. v. Janus Capital Management, LLC, et al.,* C.A. No. 1:03-1798
*Ronald Abrams, et al. v. Janus Fund, et al.,* C.A. No. 1:03-1817
*John G. Hill, Jr. v. Janus Capital Group, Inc., et al.,* C.A. No. 1:03-1847
*Leona A. Marini, etc. v. Janus Investment Fund, et al.,* C.A. No. 1:03-1857
*Priya Vadehera v. Janus Capital Group, Inc., et al.,* C.A. No. 1:03-1871
*Tara Goldstein v. Janus Capital Group, Inc., et al.,* C.A. No. 1:03-1884
*Vivian Bernstein v. Janus Capital Management, LLC, et al.,* C.A. No. 1:03-1909
*John R. Lang, et al. v. Janus Fund, et al.,* C.A. No. 1:03-1942
*William Silverman v. Janus Capital Group, Inc., et al.,* C.A. No. 1:03-1965
*Richard Kaufman v. Janus Capital Group, Inc., et al.,* C.A. No. 1:03-1966

### District of Delaware

*Zachary Alan Starr, etc. v Putnam Investment Management, Inc., et al.,* C.A. No. 1:03-1023

### Northern District of Illinois

*William Pelak v. Bank One Corp., et al.,* C.A. No. 1:03-6591
*Glen Robinson v. One Group International Equity Index Fund, et al.,* C.A. No. 1:03-6986
*Norman Maged v. One Group Technology Fund, et al.,* C.A. No. 1:03-7029

### District of Massachusetts

*Diane Saunders v. Putnam American Government Income Fund,* C.A. No. 1:03-12086
*Sally A. Bulawsky, et al. v. Marsh & McLennan Companies, Inc., et al.,*
   C.A. No. 1:03-12094
*Samuel M. Troutman, et al. v. Putnam American Government Income Fund, et al.,*
   C.A. No. 1:03-12116
*Lawrence E. Jaffe, etc. v. Putnam American Government Income Fund, et al.,*
   C.A. No. 1:03-12162
*Miranda Zuber, et al. v. Putnam Investment Management, LLC,* C.A. No. 1:03-12175

**SCHEDULE G (page 2)**

<u>District of Massachusetts</u> (continued)

*Sara Gurno, et al. v. Putnam American Government Income Fund, et al.,*
  C.A. No. 1:03-12196
*Ann Schneps Dubin, et al. v. Putnam Investment Management, LLC,* C.A. No. 1:03-12209
*Rochelle Meyer, etc. v. Putnam International Voyager Fund, et al.,* C.A. No. 1:03-12214

<u>District of New Jersey</u>

*Andrew D. Mule, et al. v. Strong Capital Management, Inc., et al.,* C.A. No. 2:03-4221
*John Golisano v. Bank of America Corp., et al.,* C.A. No. 2:03-4230
*Arthur Sylvester v. Janus Capital Group, Inc., et al.,* C.A. No. 2:03-4261
*Rhonda Vladimir v. Janus Capital Management LLC, et al.,* C.A. No. 2:03-4273
*May Etsen, et al. v. Janus Fund, et al.,* C.A. No. 2:03-4369
*Robert Corwin v. Thomas H. Bailey, et al.,* C.A. No. 2:03-4384
*Robert K. Finnell, etc. v. Bank of America Corp., et al.,* C.A. No. 2:03-4446
*Herbert Morris v. Janus Capital Management, LLC, et al.,* C.A. No. 2:03-4453
*Roderick Rohrer v. Nations Capital Growth Fund, et al.,* C.A. No. 2:03-4496
*Andy Yijun Huang, et al. v. One Group Technology Fund, et al.,* C.A. No. 2:03-4514
*Milton Pfeiffer v. Alliance Capital Management, L.P.,* C.A. No. 2:03-4724
*Robert Garfield, et al. v. Banc of America Capital Management, LLC, et al.,*
  C.A. No. 2:03-4855
*Roger Jee v. Alliance Capital Management Holding, L.P., et al.,* C.A. No. 2:03-4895
*Marvin Goldfarb v. AllianceBernstein Growth & Income Fund, Inc., et al.,*
  C.A. No. 2:03-4962

<u>Eastern District of New York</u>

*Felicia Bernstein, etc. v. Alliance Capital Management Holding, LP, et al.,*
  C.A. No. 2:03-5087
*Robert K. Finnell v. Alliance Capital Management Holding, L.P., et al.,* C.A. No. 2:03-5345

<u>Southern District of New York</u>

*Carol Pestone v. Janus Capital Group, Inc., et al.,* C.A. No. 1:03-6760
*Brian Wormley, et al. v. Janus Capital Group, Inc., et al.,* C.A. No. 1:03-6790
*Samuel T. Cohen v. National Capital Growth Fund, et al.,* C.A. No. 1:03-6847
*Selma Stone, et al. v. Janus Fund, et al.,* C.A. No. 1:03-6914
*Allan Dworkin v. One Group Technology Fund, et al.,* C.A. No. 1:03-6915
*Selma Stone v. Strong Advisor Common Stock Fund, et al.,* C.A. No. 1:03-6916
*Tom Torelli v. Strong Financial Corp., et al.,* C.A. No. 1:03-6969
*Charles Tischler v. Bank One Corp., et al.,* C.A. No. 1:03-6970
*Amy Bloomfield v. Mark A. Beeson, et al.,* C.A. No. 1:03-6975
*James Schultz v. Janus Capital Management, LLC, et al.,* C.A. No. 1:03-7123
*Roger L. Bailey v. Janus Capital Management, LLC, et al.,* C.A. No. 1:03-7125

## SCHEDULE G (page 3)

<u>Southern District of New York</u> (continued)

*Elsie Haig, et al. v. Janus Fund, et al.*, C.A. No. 1:03-7218
*David Kuperschmid v. Strong Capital Management, Inc., et al.*, C.A. No. 1:03-7287
*Jack Yarbrough, et al. v. Janus Fund, et al.*, C.A. No. 1:03-7333
*Nechama Tepfer v. Janus Capital Group, Inc.*, C.A. No. 1:03-7337
*Lori Reinhardt v. Strong Advisor Common Stock Fund, et al.*, C.A. No. 1:03-7438
*Wathena Ann Forsee v. Janus Fund, et al.*, C.A. No. 1:03-7654
*James M. Archinaco v. Janus Capital Group, Inc., et al.*, C.A. No. 1:03-7745
*Nada Hindo, et al. v. AllianceBernstein Growth & Income Fund*, C.A. No. 1:03-7765
*John Armentano v. Janus Fund, et al.*, C.A. No. 1:03-7766
*Isidore Zimmerman v. Thomas H. Bailey*, C.A. No. 1:03-7910
*George W. Bookhout, et al. v. Alliance Capital Management Holding, L.P., et al.*,
    C.A. No. 1:03-7955
*Charles Healy v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 1:03-8008
*Richard J. Abt v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 1:03-8202
*Tracy Silverman v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 1:03-8274
*Marlene Seybold v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 1:03-8278
*Martine Stansbery, Jr. v. AXA Financial, Inc.*, C.A. No. 1:03-8282
*Shelia Schulman, et al. v. Putnam American Government Income Fund, et al.*,
    C.A. No. 1:03-8323
*Michael Bernstein, et al. v. Alliance Capital Management Holding, L.P., et al.*,
    C.A. No. 1:03-8350
*Dawn Maniskas v. Putnam American Government Income Fund, et al.*, C.A. No. 1:03-8368
*Regina Kopelowitz v. AllianceBernstein Growth & Income Fund, Inc., et al.*,
    C.A. No. 1:03-8372
*Robin Fernhoff, et al. v. AllianceBernstein Growth & Income Fund, Inc., et al.*,
    C.A. No. 1:03-8402
*Salvatore Piliere v. Putnam Global Income Trust, et al.*, C.A. No. 1:03-8407
*Timothy J. Plank v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 1:03-8466
*Paul Angotta, et al. v. Putnam American Government Income Fund, et al.*,
    C.A. No. 1:03-8651
*Kristin Garfield v. Putnam American Government Income Fund, et al.*, C.A. No. 1:03-8683
*Israel Grafstein v. AXA Financial, Inc., et al.*, C.A. No. 1:03-8685
*Ingeborg Engeler v. Putnam Investments Trust, et al.*, C.A. No. 1:03-8720
*Gary Frost v. Alliance Capital Management Holding, L.P., et al.*, C.A. No. 1:03-8722
*Lori Weinrib v. AllianceBernstein Growth & Income Fund, Inc., et al.*, C.A. No. 1:03-8915
*Blanchard D. Smith, Jr. v. AllianceBernstein Growth & Income Fund, Inc., et al.*,
    C.A. No. 1:03-8981

<u>Southern District of Ohio</u>

*David Brett v. Bank One Corp., et al.*, C.A. No. 2:03-818
*Pamela Dunlap v. One Group Technology Fund, et al.*, C.A. No. 2:03-916

## SCHEDULE G (page 4)

<u>Eastern District of Pennsylvania</u>

*Gloria Steinberg, et al. v. Janus Capital Management, LLC, et al.,*
   C.A. No. 2:03-5048
*Tom Kidwell, etc. v. Janus Capital Group, Inc., et al.,* C.A. No. 2:03-5242
*George P. Tsetsekos, etc. v. Janus Capital Group, Inc., et al.,* C.A. No. 2:03-5354

<u>Eastern District of Wisconsin</u>

*Gregory D. Coleman, etc. v. Strong Financial Corp., et al.,* C.A. No. 2:03-862
*James Blevins v. Strong Capital Management, Inc., et al.,* C.A. No. 2:03-868
*Jenell Marie Halvorson v. Strong Advisor Common Stock Fund, et al.,* C.A. No. 2:03-872
*Thomas R. Jones v. Strong Financial Corp., et al.,* C.A. No. 2:03-884
*Holly Painter v. Strong Capital Management, Inc., et al.,* C.A. No. 2:03-895
*Congregation Ohel Torah v. Strong Capital Management, Inc., et al.,* C.A. No. 2:03-896
*Steve LeFavour, etc. v. Strong Financial Corp., Inc., et al.,* C.A. No. 2:03-897
*Jackson T. Ferris, et al. v. Strong Capital Management, Inc., et al.,* C.A. No. 2:03-998

# EXHIBIT 4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12474-RGS

MARK E. FEINERSTEIN, ET AL

v.

MARSH & MCLENNAN COMPANIES, INC., ET AL

ORDER ON MOTION TO STAY PROCEEDINGS

March 3, 2004

STEARNS, D.J.

Defendants' request that the proceedings in the above-captioned case be stayed pending a ruling by the Judicial Panel on Multidistrict Litigation is <u>ALLOWED</u>.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE

ORIGINAL

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only



FILED
CLERK US DISTRICT COURT

MAR 2 2 2004

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

DOCKETED ON CM

MAR 2 3 2004

BY            006

# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| MIKE SAYEGH, | CV 03-08736 TJH (VBKx) |
| Plaintiff, | |
| v. | |
| JANUS CAPITAL CORPORATION, *et al.*, | **Order** |
| Defendants. | |

The Court has considered Defendants motions to stay pending a decision regarding transfer, together with the moving and opposing papers

It is Ordered that the motion be, and hereby is, Granted.

Date:  March 22, 2004

Terry J. Hatter, Jr.
United States District Judge

75

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WARREN SHERMAN, Derivatively      :
on behalf of ONE GROUP'S
DIVERSIFIED INTERNATIONAL     :    Case No. 2:03-cv-1037
FUND,
                               :    Judge Holschuh
          Plaintiff,
                               :    Magistrate Judge Kemp
   v.                               :

PETER C. MARSHALL, et al.,        :

          Defendants.

## ORDER

This matter is currently before the Court on three pending motions: (1) the Bank One

Defendants' motion to stay proceedings in the above-captioned case pending a decision by the

Judicial Panel on Multidistrict Litigation; (2) Plaintiff's motion to remand; and (3) the Bank One

Defendants' motion for oral argument on Plaintiff's motion to remand.

The Judicial Panel on Multidistrict Litigation is scheduled to hear oral argument on January

29, 2004, concerning the Bank One Defendants' request to transfer to the United States District

Court for the Southern District of New York, and consolidate for pre-trial purposes, more than 130

lawsuits involving similar allegations of mutual fund fraud. At least six of those suits, including the

above-captioned action, have been filed in the Southern District of Ohio. The Bank One Defendants

have requested that this Court stay the above-captioned action pending a decision by the Judicial

Panel on Multidistrict Litigation. They note that Plaintiff in this case raises allegations that are

nearly identical to those raised in twenty-two other cases filed against Bank One Defendants. Of

those twenty-two cases, five were removed from state court to federal court and raise similar

jurisdictional questions. The Bank One Defendants seek to avoid litigating the same issues in

multiple forums. They contend that, in the interest of judicial economy, and to avoid inconsistent results, this Court should issue the requested stay and, assuming that the mutual fund cases are consolidated for pretrial purposes, allow the transferee judge to rule on the motions to remand.

Plaintiff, however, claims that this action was improperly removed from state court and should be remanded immediately because this Court lacks subject matter jurisdiction. There is no complete diversity of citizenship and, although Plaintiff's Complaint refers generally to various federal regulations governing mutual funds, he has asserted only state law claims, including breach of fiduciary duty, abuse of control, gross mismanagement, waste of corporate assets, and unjust enrichment. Defendants contend that removal was nevertheless proper because these claims raise novel and substantial issues of federal law, and their resolution will require interpretation of the duties created by numerous federal regulations. Defendants have requested oral argument concerning Plaintiff's motion to remand.

The parties agree that this Court has broad discretion to either stay the proceedings or to rule on the pending motion to remand. MDL Panel Rule 1.5 states, "[t]he pendency of a motion . . . before the Panel concerning transfer . . . does not affect . . . pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." Nevertheless, "it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." Rivers v. The Walt Disney Co., 980 F. Supp. 1358, 1362 (C.D. Cal. 1997).

In this Court's view, it is in the interest of judicial economy to stay the proceedings in this case until the Judicial Panel on Multidistrict Litigation meets later this month to decide whether the mutual fund cases should be consolidated for pretrial purposes. A similar stay has already been

2

issued in <u>Huang v. Marshall</u>, Case No. 2:03-cv-1038, a related case pending before Judge George C. Smith.[1] This litigation is in its very early stages and it does not appear that Plaintiff will suffer any substantial prejudice if the stay is granted. His motion to remand remains pending and, depending on the outcome of the hearing before the Judicial Panel on Multidistrict Litigation, will be ruled upon by either the undersigned judge or the transferee judge. On the other hand, if the stay is not granted, there is a great risk that the Bank One Defendants will be burdened with duplicative discovery requests and be subject to inconsistent rulings in multiple forums.

For the reasons set forth above, Defendants' motion to stay (Record at 6) is **GRANTED**. Accordingly, all proceedings in the above-captioned action are **STAYED** until the Judicial Panel for Multidistrict Litigation advises the parties and this Court of its decision concerning the request to consolidate all of the mutual fund cases for pretrial purposes. The Court makes no determination at this time concerning the merits of Plaintiff's motion to remand (Record at 10) or Defendants' request for oral argument on Plaintiff's motion to remand (Record at 24).

**IT IS SO ORDERED.**

Date: January 14, 2004                     <u>/s/ John D. Holschuh</u>
                                           John D. Holschuh, Judge
                                           United States District Court

---

[1] A motion for reconsideration remains pending in <u>Huang</u>.

3